WILEY G. BATTS v. C. MACK BATTS, Executor of ZILPHIA E. BATTS.

(Filed 26 February, 1930.)

1. **Executors and Administrators D f—Action on claim against executor is barred if not brought within six months from its rejection.**

    Where a claim against an executor is rejected by him in writing and is not referred in accordance with the provisions of C. S., 99, an action thereon is barred if not brought within six months after the rejection of the claim by the executor.  C. S., 100.

2. **Executors and Administrators D b: Husband and Wife B f—Medical expenses of wife paid by husband are his debt and not debt of estate.**

    Where the husband has voluntarily paid for medical services rendered his deceased wife, without any expectation at the time that he would be reimbursed out of money belonging to the estate of his wife, and in the absence of a contract to that effect, the expenses so paid are to be re-garded as his own debt and the executor of the wife should reject a claim therefor.

3. **Executors and Administrators D f—Action on claim for funeral expenses is barred if not brought within six months from its rejection.**

    While the statute classifies funeral expenses as a debt of the estate, C. S., 93, the amount due therefor cannot be regarded as a legacy in this State, and where a husband who has paid the funeral expenses of his wife makes claim therefor upon her executor and the claim is rejected, and is not referred in accordance with C. S., 99, an action on the claim is barred by his failure to bring it within six months from the time of its rejection by the executor.  C. S., 100.

APPEAL by plaintiff from *Devin, J.,* at December Term, 1929, of NASH.  Affirmed.

This is an action to recover on a claim against the estate of defendant's testatrix, for money paid by plaintiff, her husband, for medical services rendered to her, and for her funeral expenses.

At the trial in the Superior Court, defendant relied upon his plea that the action is barred by the statute of limitations, C. S., 100.  On the facts agreed, the plea was sustained.

From judgment that plaintiff recover nothing of the defendant in this action, plaintiff appealed to the Supreme Court.

*Gilliam & Bond and J. W. Keel for plaintiff.*
*Cooley & Bone for defendant.*

CONNOR, J.  Defendant's plea that this action is barred by the provisions of C. S., 100, was properly sustained.

BATTS *v.* BATTS.

The claim on which the action was brought was presented to the defendant, as the executor of Zilphia E. Batts, deceased, on 1 October, 1927. Plaintiff was promptly notified by defendant, in writing, that the claim was rejected. The claim was not thereupon referred in accordance with the provisions of C. S., 99. This action was not commenced within six months after plaintiff was notified, in writing, that his claim had been rejected. Upon these agreed facts, the plaintiff is barred from maintaining an action on the claim. C. S., 100. *Morrisey v. Hill,* 142 N. C., 356, 55 S. E., 193. In the cited case it is said: "The language of the statute is positive and explicit, and it must be enforced in accordance with the plain meaning of its terms."

The claim is for money paid by plaintiff for medical services rendered to his deceased wife and for her funeral expenses. The money was paid by plaintiff voluntarily, and without any expectation at the time that he would be reimbursed by the defendant, out of money belonging to the estate of his wife.

In the absence of a contract by which the wife agreed to pay for medical services rendered to her, the plaintiff, as her husband, was alone liable for such services. When plaintiff paid the amount due for such services, he paid his own debt, and not the debt of his wife. *Bowen v. Daugherty,* 168 N. C., 242, 84 S. E., 265.

While funeral expenses, strictly speaking, are not an indebtedness of the deceased, they are so classified by the statute, C. S., 93, and are made a charge upon assets in the hands of the executor or administrator, to be paid by him as a debt of the decedent. *Ray v. Honeycutt,* 119 N. C., 510, 26 S. E., 127. The amount due for funeral expenses cannot be regarded as a legacy in this State. Where a claim for an amount due for funeral expenses has been presented to the executor, and rejected by him, in writing, an action on such claim must be commenced within six months; otherwise, the action is barred by the express provisions of C. S., 100. Whether the plaintiff was relieved of his liability for the funeral expenses of his wife, who by her last will and testament directed her executor to pay her just debts and burial expenses, is not presented by this appeal. In any event, his action to recover the amount paid by him, upon the facts agreed, is barred by the statute and the judgment is, for that reason,

Affirmed.