THE PRESBYTERIAN HOSPITAL v. CORNELIUS EUGENE McCARTHA AND
SALLY W. McCARTHA

No. 8326SC90

(Filed 17 January 1984)

**Husband and Wife § 1.1— wife not liable for husband's medical expenses**

    Defendant wife was not liable for hospital services rendered to her husband where she was not present when her husband was admitted to the hospital and she neither requested nor contracted for the services.

APPEAL by defendant Sally W. McCartha from *Kirby, Judge.* Judgment entered 2 December 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 December 1983.

Defendants are husband and wife. Plaintiff seeks a joint and several judgment against them for hospital services rendered to defendant husband, who confessed judgment for the $27,492.11 claimed, and has not participated in the case since then. The complaint alleges in Count I that the services were rendered pursuant "to the request of and under express contract" with both defendants, and in Count II that the services were rendered at the request of both defendants and for their benefit and were fairly worth the amount sued for. Defendant Sally W. McCartha denied liability and particularly denied that she either entered into an express contract with the plaintiff for the services rendered, or that the services were rendered at her request or for her benefit, as the complaint alleged. Mrs. McCartha admitted, however, both in her answer to the complaint, in answering plaintiff's interrogatories, and in her affidavit supporting her motion for summary judgment, that plaintiff rendered the services alleged to Cornelius Eugene McCartha and was entitled to collect the amount claimed from him.

Plaintiff moved for judgment against Mrs. McCartha on the pleadings, pursuant to the provisions of Rule 12(c) of the North Carolina Rules of Civil Procedure, and she moved for summary judgment, under the provisions of Rule 56(b). Upon the motions being heard an order was entered denying Mrs. McCartha's motion for summary judgment and granting plaintiff's motion for judgment on the pleadings in the amount of $27,492.11. Both rulings were appealed by the defendant Sally W. McCartha.

*Miller, Johnston, Taylor & Allison, by Robert J. Greene, Jr. and Paul A. Kohut, for plaintiff appellee.*

*Warren C. Stack for defendant appellant Sally W. McCartha.*

PHILLIPS, Judge.

Although the order appealed from recites that judgment on the pleadings was being rendered against the defendant appellant, since it also recites that matters other than the pleadings were considered, it must be treated as an order of summary judgment, as Rule 12(c), itself, provides. This does not affect our decision, however, as the plaintiff was not entitled to judgment on either basis.

The case has been presented to us by both parties as though it depends upon our power or inclination to extend the common law doctrine of necessaries, which makes a husband liable for necessaries supplied to the wife, so as to hold the wife liable for necessaries furnished the husband. But we do *not so* consider the case, because under the circumstances of record the necessaries doctrine would not apply even if the services had been furnished to the wife and the hospital was attempting to recover from the husband. Thus, the question posed for our consideration by the parties will have to await an appeal that raises it, which this one fails to do. Nevertheless, we must say we are really at a loss to understand how it could be thought that the naked, unadorned allegations in the complaint that defendant jointly contracted for or requested the hospital services along with her husband, which were met by an answer categorically denying those allegations, raised the necessaries doctrine or entitled plaintiff to judgment on the pleadings.

In any event, "[t]he 'Doctrine of Necessaries' . . . is used to hold a husband liable to merchants and other outside parties who have furnished necessaries to the wife. Necessities or necessaries 'are those things which are essential to her [a wife's] health and comfort according to the rank and fortune of her husband.'" *Cole v. Adams*, 56 N.C. App. 714, 715, 289 S.E. 2d 918, 919-920 (1982), *quoting* 2 Lee, North Carolina Family Law § 132 (4th ed. 1980). The husband's liability, of course, is based upon his legal duty to support his wife; and when he fails or refuses to perform his

duties and other persons provide the necessaries the husband can be held liable. 41 C.J.S. *Husband and Wife* § 50 (1944). But our law, with rare exceptions, has always permitted parties to make their own contracts; and when someone furnishes or sells anything to a party in reliance only upon that party's promise or credit, it is hornbook law that the creditor must look to the one contracted with, and nothing else appearing, cannot require others to pay when the one relied upon fails to do so. Thus, when anyone sells or furnishes necessaries to a married woman in her individual capacity, and in reliance upon her separate estate or credit, it is the law in most jurisdictions that the husband is not liable, and that the creditor must seek payment from the one contracted with. 41 C.J.S. *Husband and Wife* § 56 (1944). Though *Batts v. Batts*, 198 N.C. 395, 151 S.E. 868 (1930) is one of the many decisions cited by that treatise in support of the proposition stated, we do not so understand the case. Nevertheless, the proposition that those who contract only with one party and in reliance upon that party's credit cannot later hold another liable with respect thereto is so manifestly sound that we do not hesitate to follow it.

In this case the uncontroverted evidence was that: Mrs. McCartha was not present on either of the occasions when Mr. McCartha was admitted to the hospital; she neither requested nor contracted for the services; and, for that matter, did not even learn about his hospitalization until after plaintiff had admitted him. Nothing else appearing, and nothing else does appear in the record, this evidence clearly manifests an intention by the hospital to rely upon the separate credit or estate of Mr. McCartha to collect the bill, and shows that at that time it had no thought of requiring payment by the wife. This situation does not give rise to the necessaries doctrine; and it would not arise even if the gender of the parties was reversed and the hospital had contracted only with the wife. Nor does the record establish any other theory which could entitle plaintiff to collect the bills involved from the appellant. Thus, the judgment holding defendant appellant liable for her husband's hospital bills was without basis and must be reversed.

But since appellant's evidence showed that, contrary to plaintiff's allegations, she had neither contracted for nor requested the services involved and plaintiff presented no evidence to the con-

trary, the court also erred in denying her motion for summary judgment. *Watson v. Watson,* 49 N.C. App. 58, 270 S.E. 2d 542 (1980).

This cause is remanded to the Superior Court for the entry of an order reversing the judgment against the appellant, Sally W. McCartha, and dismissing plaintiff's claim against her.

Reversed and remanded.

Judges ARNOLD and JOHNSON concur.