22134

RICHLAND MEMORIAL HOSPITAL, Respondent, v. Cary BURTON, Appellant.

(318 S. E. (2d) 12)

Supreme Court

*Deborah Weimer,* of *Palmetto Legal Services,* of Columbia, *for appellant.*

*Charles E. Carpenter, Jr.,* and *Lanneau William Lambert, Jr.,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondent.*

Heard June 4, 1984.

Decided June 28, 1984.

HARWELL, Justice:

The respondent Richland Memorial Hospital brought this collection action against the appellant husband of a deceased patient. The trial court found the husband liable under the common law necessaries doctrine. He appeals alleging the doctrine and S. C. Code Ann. § 20-5-60 (1976) unconstitutional as violative of the equal protection clauses of the South Carolina and United States Constitutions. We affirm under the common law doctrine.

Under the common law, husbands could be held liable for their wives' debts contracted prior to and during marriage. This rule was founded on the husband's duty of support and his ability to use his wife's property to satisfy her debts. In the late 1870's, the Married Women's Property Acts were passed providing that property of wives was separate from that of their husbands. Code § 20-5-60 was then enacted relieving men of liability for their wives' debts except those for their necessary support. *See Clawson v. Hutchinson,* 11 S. C. 323 (1879).

The common law doctrine as modified by statute therefore provides that, in the absence of contract, a husband is liable for his wife's necessaries supplied to her by a third person. *O'Hagan v. Fraternal Aid Union,* 144 S. C. 84, 141 S. E. 893 (1928) (funeral expenses). The appellant and respondent concede that the necessaries doctrine, as codified in § 20-5-60, denies husbands equal protection of the laws by

failing to impose a reciprocal obligation on wives. We agree. *See Schilling v. Bedford Memorial Hospital,* 225 Va. 539, 303 S. E. (2d) 905 (1983); *Jersey Shore v. Estate of Baum,* 84 N. J. 137, 417 A. (2d) 1003 (1980); *Condore v. Prince George's County,* 289 Md. 516, 425 A. (2d) 1011 (1981); *Manatee Convalescent Center, Inc. v. McDonald,* 392 So. (2d) 1356 (Fl. Dist. Ct. App. 1980).[1]

Nevertheless, the respondent asserts that, in light of recent legislative and common law developments in South Carolina, the doctrine of necessaries remains a viable common law doctrine. We agree.

The legislature has recently amended the family support provisions of the Code to provide that husbands and wives are equally obligated to support the children of the marriage and to pay alimony to each other. Code §§ 20-7-40, 20-3-120, 20-3-130 (1983 Cum. Supp.). The common law had already been expanded to include obligations of the wife. *Peebles v. Disher,* 310 S. E. (2d) 823 (S. C. App. 1983); *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171 (1961); *Campbell v. Campbell,* 200 S. C. 67, 20 S. E. (2d) 237 (1942).

The rigidity of the common law in dealing with interspousal rights and liabilities has also been broken by the extension of the loss of consortium cause of action to wives. *See Hiott v. Contracting Services,* 276 S. C. 632, 281 S. E. (2d) 224 (1981).

We accordingly hold that the necessaries doctrine allows third parties providing necessaries to a husband or wife to bring an action against the individual's spouse. The issue whether, in some instances, the creditor must first seek to recover from the estate of the spouse who received the services is not before us.

The judgment below is, accordingly,

Affirmed.

LITTLEJOHN, C. J., NESS and GREGORY, JJ., and RODNEY A. PEEPLES, as Acting Associate Justice, concur.

---

[1] This Court recently held common law dower unconstitutional as violative of equal protection in *Boan v. Watson,* 316 S. E. (2d) 401 (S. C. 1984).