BORGESS MEDICAL CENTER v SMITH

Docket No. 84010. Submitted December 10, 1985, at Grand Rapids.— Decided March 17, 1986.

Plaintiff, Borgess Medical Center, filed suit in district court aginst defendant, Delores Smith. Plaintiff sought to recover payment for medical treatment services it rendered to Tommy Smith, deceased husband of defendant. The district court granted a judgment in favor of defendant, after ruling that defendant was not responsible for the debts of her husband under the married women's property act. The Hillsdale Circuit Court, Harvey W. Moes, J., upheld the district court on appeal. Plaintiff appealed by leave granted. *Held:*

The Court of Appeals adopted the principle that a wife is liable for necessary medical expenses incurred by her husband even where she did not guarantee their payment. However, the Court deemed it equitable to adopt this principle prospectively to debts incurred after the date of its decision, thereby holding defendant not liable.

Affirmed.

HUSBAND AND WIFE — CONTRACTS — MEDICAL EXPENSES — MARRIED WOMEN'S PROPERTY ACT.

A trial court is not barred by the married women's property act from finding a wife liable to a medical services provider for necessary medical services provided to and contracted for by her husband, even where she did not guarantee their payment.

*Early, Lennon, Peters & Crocker* (by *Robert A. Davidoff*), for plaintiff.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN,* JJ.

REFERENCES

Am Jur 2d, Husband and Wife §§ 132 *et seq.*, 323 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Contracts; Husband and Wife.

* Retired Court of Appeals judge, sitting on the Court of Appeals by assignment.

N. J. KAUFMAN, J. On September 4, 1984, a Hillsdale District Court judge rendered an opinion and judgment holding that under the married women's property act, MCL 557.21; MSA 26.165(1), a woman was not responsible for the debts of her husband. Plaintiff appealed this decision to the Hillsdale County Circuit Court.

When upholding the district court's determination, the circuit court judge stated in part:

"I believe it was our Supreme Court—stating that any trial judge who changes the law or attempts to do such is either very brave or very foolish and they strongly urge the trial court to simply follow the law and not to change the law. They recommended that the trial judge be neither brave or foolish, that if any law was to be changed the appellate courts would do so.

"In this case I opt not to be very brave or very foolish and abide by the law of the State of Michigan. I have no reason to disagree with the decision of the district judge as to his understanding of the law, and neither counsel do. The district judge agreed, I agree. That's four of us that agree. If the appellate courts disagree, you would have been successful in changing the law."

Plaintiff now appeals by leave granted from the January 14, 1985, order which upheld the judgment of the district court and denied the plaintiff the relief it requested. Defendant's husband had obtained medical treatment from plaintiff, Borgess Medical Center, immediately prior to his death. Defendant's husband, Tommy Smith, the decedent, had contracted to pay for the services rendered. Defendant, however, did not personally agree to guarantee payment.

Mr. Smith died on May 13, 1983, leaving no estate or other assets. Plaintiff thereupon brought suit in district court against defendant for $3,835.30 in accrued medical expenses, asserting

that defendant was legally obligated to pay for *necessary* services provided to her late husband.

Defendant then moved for summary judgment, noting that existing common law does not make a wife liable for her husband's necessary expenses, and she further asserted that the married women's property act, MCL 557.21; MSA 26.165(1), preserved her separate estate free from liability "for the debts, obligations or engagements of any other person, including the woman's husband". Plaintiff argued that, if the act applied, it was unconstitutional as violative of the equal protection clauses of the Michigan and federal constitutions. The district court dismissed plaintiff's claim and was affirmed at the circuit court level.

Both lower courts determined that they were powerless to treat these issues on the merits, absent controlling Michigan appellate authority.

The only question involved is: Where the estate of a husband is inadequate to compensate a third party for necessary services furnished to the husband, may the wife, in the absence of a contract, be held liable for payment for such services?

MCL 557.21; MSA 26.165(1) provides:

"(1) If a woman acquires real or personal property before marriage or becomes entitled to or acquires, after marriage, real or personal property through gift, grant, inheritance, devise, or other manner, that property is and shall remain the property of the woman and be a part of the woman's estate. She may contract with respect to the property, sell, transfer, mortgage, convey, devise, or bequeath the property in the same manner and with the same effect as if she were unmarried. *The property shall not be liable for the debts, obligations, or engagements of any other person, including the woman's husband,* except as provided in this act." (Emphasis added.)

This section by its plain language states that a

wife is not responsible for the debts of her husband. We disagree with plaintiff's assertion that the statute "does not establish that a married woman is not responsible for the necessary expenses of her husband".

The cases from other jurisdictions upon which plaintiff relies do not stand for that proposition. In *In the Matter of the Estate of Stromsted,* 99 Wis 2d 136; 299 NW2d 226 (1980), the Wisconsin Supreme Court did not address whether a wife was responsible for her husband's medical expenses. Rather, the court held that the wife or her estate could be sued on a theory of quasi-contract for her own medical expenses. However, the court held that the husband was still primarily liable. Moreover, the court did not construe language similar to that in the statute under consideration here.

In *Jersey Shore Medical Center-Fitkin Hospital v Estate of Baum,* 84 NJ 137; 417 A2d 1003 (1980), the New Jersey Supreme Court found that the New Jersey Married Woman's Act, N.J.S.A. 37:2-15, if read literally, would bar liability for either spouse for the medical debts of the other.

While there is no Michigan case addressing this issue, several cases have emerged from our sister states within the last 25 years on this subject. In holding that a married woman is responsible for her husband's medical necessities, the *Jersey Shore* Court relied upon *Orr v Orr,* 440 US 268; 99 S Ct 1102; 59 L Ed 2d 306 (1979) (where the United States Supreme Court held that a statute under which husbands, but not wives, might be ordered to pay alimony violated the equal protection clause of the Fourteenth Amendment). If it is true, as plaintiff asserts, that the New Jersey statute did not bar the court from finding the wife liable for her husband's medical expenses, the New Jersey Supreme Court would not have found

it necessary to rely upon constitutional considerations but would have merely changed the common law.

The *Jesery Shore* Court stated:

"Our Legislature has indicated its preference for a gender-neutral approach in N.J.S.A. 2A:34-23, which provides that alimony or maintenance may be awarded to either party in accordance with 'the circumstances of the parties and the nature of the case.' The statute also provides on divorce for the equitable distribution of property acquired between husbands and wives in either instance. However, the New Jersey Legislature has not addressed the specific problem of family expenses." 417 A2d 1010.

The State of Michigan has a comparable law.

In *Manatee Convalescent Center, Inc v McDonald,* 392 So 2d 1356, 1357 (Fla App, 1980), the Second District Court of Appeals stated in part:

"The law is not static. It must keep pace with changes in our society, for the doctrine of stare decisis is not an iron mold which can never be changed."

Similarly, in *People v Pennington,* 383 Mich 611, 620; 178 NW2d 471 (1970), the majority opinion stated:

"It is not hard to read the handwriting on the wall, by whatever hand it may have been written."

The *Manatee* Court concluded:

"Changing times demand reexamination of seemingly unchangeable legal dogma. Equality under law and even handed treatment of the sexes in the modern market place must also carry the burden of responsibility which goes with the benefits." 392 S 2d 1358.

We find the law from our sister states to be persuasive and, therefore, we hold that a wife is liable for the medical necessaries of her husband. The question still remaining is what remedy should this Court provide. We do not think that it is equitable in this case to hold the defendant liable where both the plaintiff and the defendant have relied on prior law (when the expense was incurred) which we have changed today to keep pace with the changes in society. We adopt this principle prospectively so that it applies only to debts incurred after the date of this decision.

This is the same remedy that the New Jersey Supreme Court used in the *Jersey Shore* case.

The trial court's order is affirmed. No costs.