NORTH CAROLINA BAPTIST HOSPITALS, INC. v. DONNIE HARRIS AND VERN DELL HARRIS

No. 284PA86

(Filed 7 April 1987)

**1. Husband and Wife § 1— liability of wife for husband's medical expenses**

    The doctrine of necessaries, heretofore applicable only to medical services provided to the wife, applies to such services provided to either spouse. Therefore, a wife may be held responsible for the necessary medical expenses incurred by her husband even in the absence of an express undertaking on her part. The Court of Appeals opinion in *Presbyterian Hospitals v. McCartha*, 66 N.C. App. 177, 310 S.E. 2d 409, is overruled to the extent that it conflicts with this ruling.

**2. Husband and Wife § 1— necessary medical expenses—action against spouse— prima facie case**

    In order to make out a *prima facie* case against a spouse for the recovery of expenses incurred in providing necessary medical services to the other spouse, the following must be shown: (1) medical services were provided to the spouse; (2) the medical services were necessary for the health and well-being of the receiving spouse; (3) the person against whom the action is brought was married to the person to whom the medical services were provided at the time such services were provided; and (4) the payment for the necessaries has not been made.

ON discretionary review of a unanimous, unpublished opinion of the North Carolina Court of Appeals, 80 N.C. App. 167, 341 S.E. 2d 619 (1986), affirming the judgment of *Gregory, J.*, entered at the 20 May 1985 Civil Session of District Court, YADKIN County, dismissing plaintiff's complaint against defendant for failure to state a claim for relief.

This case originated as an action by North Carolina Baptist Hospitals, Inc., to recover payment for services rendered to Don-

nie G. Harris in January 1982. The hospital brought suit against both Mr. Harris and his wife, Vern Dell Harris, alleging an outstanding debt of $3,303.61. The case was heard on plaintiff's motion for summary judgment at the 14 November 1983 session of the Yadkin County District Court, the Honorable Edgar B. Gregory presiding. Summary judgment was entered against defendant Donnie G. Harris in the full amount of the outstanding debt plus interest and costs. That judgment was not appealed. In the same order, Judge Gregory dismissed the plaintiff's complaint against defendant Vern Dell. Plaintiff appealed this latter portion of the judgment. In an unpublished opinion filed on 4 December 1984, the dismissal of the action against Vern Dell was reversed by the Court of Appeals and remanded for further findings of fact. *NC Baptist Hospitals v. Harris*, 71 N.C. App. 638, 323 S.E. 2d 513 (1984). Following remand, plaintiff renewed its motion for summary judgment against Vern Dell, accompanied by additional affidavits. This motion was denied. The matter was tried at the 20 May 1985 Civil Session of the Yadkin County District Court, before Judge Gregory. Judge Gregory heard the evidence in the case on 20 May 1985 and took the matter under advisement. On 23 May 1985, Judge Gregory made findings of fact and dismissed plaintiff's complaint against Vern Dell.

Plaintiff made a timely appeal to the Court of Appeals. The parties stipulated to the facts as found by the trial court. By unpublished opinion filed on 1 April 1986, the Court of Appeals affirmed the dismissal of the complaint against Vern Dell. *N. C. Baptist Hos., Inc. v. Harris*, 80 N.C. App. 167, 341 S.E. 2d 619 (1986). This Court granted discretionary review by an order entered on 28 August 1986. Heard in the Supreme Court 9 February 1987.

*Turner, Enochs, Sparrow & Boone, P.A., by Thomas E. Cone and Wendell H. Ott, for the plaintiff-appellant.*

*Finger, Parker & Avram, by Raymond A. Parker, II, and M. Neil Finger, for the defendant-appellees.*

*Miller, Johnston, Taylor & Allison, by James W. Allison and Paul A. Kohut, for The Presbyterian Hospital, amicus curiae.*

MEYER, Justice.

On 20 January 1982 defendant Donnie Harris was admitted to plaintiff North Carolina Baptist Hospital for medical treatment. This treatment was in fact provided. It was stipulated by the parties that the treatment was necessary for the health and well-being of Mr. Harris.

At the time of Mr. Harris' admission to the hospital, the hospital's business office submitted to his wife, defendant Vern Dell Harris, a form to sign authorizing treatment. Vern Dell signed this form in her husband's name, "by Vern Dell Harris." She declined to sign as guarantor. The trial judge found as a fact that Vern Dell neither requested her husband's admission to the hospital, anticipated that he would be admitted, nor agreed to pay for the services.

The hospital charged $3,303.61 for the services provided to defendant Donnie Harris. Neither Donnie nor Vern Dell has paid this bill to date.

[1] We are called upon in this case to decide whether, in the absence of an express undertaking on her part, a wife may be held responsible for the necessary medical expenses incurred by her husband. We hold that she may be and that the "doctrine of necessaries," heretofore applicable only to medical services provided to the wife, applies to such services provided to either spouse.

At common law it was the duty of the husband to provide for the necessary expenses of his wife. *Bowen v. Daugherty*, 168 N.C. 242, 84 S.E. 265 (1915). This duty arose from the fact of the marriage, not from any express undertaking on his part. *Id*. The doctrine of necessaries was a recognition of the traditional status of the husband in the marital relationship as the financial provider of the family's needs, *Perry v. Stancil*, 237 N.C. 442, 75 S.E. 2d 512 (1953), and has been enforced even where the husband was incompetent, *Reynolds v. Reynolds*, 208 N.C. 254, 180 S.E. 70 (1935), or where the wife was financially capable of providing for her own needs. *See Bowling v. Bowling*, 252 N.C. 527, 114 S.E. 2d 228 (1960). It is well settled that "doctrine of necessaries" applies to necessary medical expenses. *Alamance County Hospitals, Inc. v. Neighbors*, 315 N.C. 362, 338 S.E. 2d 87 (1986).

A corresponding duty on the part of the wife has also been a feature of the common law. She was obliged to provide domestic services which pertain to the comfort, care, and well-being of her family and consortium to her husband. *Ritchie v. White*, 225 N.C. 450, 35 S.E. 2d 414 (1945).

The traditional allocation of marital rights and duties was based at least in part on the legal disability of married women to manage their own financial affairs. *See* 2 R. Lee, *N.C. Family Law* § 107 (4th ed. 1980 & Supp. 1985). At early common law, the property of a woman vested in her husband at the point of marriage. *O'Connor v. Harris*, 81 N.C. 279 (1878); *Arrington v. Yarborough*, 54 N.C. 72 (1 Jones Eq.) (1853). As early as 1837, however, the legislature began taking steps to reduce the control of the husband over his wife's property. Thus, a wife could dispose of her property to her husband if the court could be assured, during a privy examination, that the transaction was entered into voluntarily. *Perry v. Stancil*, 237 N.C. 442, 75 S.E. 2d 512 (1953). With the Constitution of 1868, the legislature provided for the right of the wife to dispose of her property to third parties, although still requiring the consent of the husband. Transactions between the spouses were presumed to be the result of the husband's control over the wife as late as 1891. *See, e.g., Walker v. Long*, 109 N.C. 510, 14 S.E. 299 (1891).

Even after the enactment of the "Martin Act," 1911 Sess. Laws ch. 109 (now N.C.G.S. § 52-2), giving a married woman the right to dispose of her own property without the permission of her husband, and N.C.G.S. § 47-14.1 (formerly § 47-116), abolishing the privy examination, the judge-made doctrine of necessaries continued to provide financial protection for married women. *See, e.g., Ritchie v. White*, 225 N.C. 450, 35 S.E. 414. Several commentators have noted a resulting disequilibrium in the law: wives share their husbands' freedom to contract and are additionally entitled to financial support, while no longer being required to provide the traditional domestic services. As Professor Lee noted:

> The husband's common law duty to support his wife and minor children was partly balanced by the wife's duty to render services in the home. But the law can enforce the former, not the latter.

2 R. Lee, *N.C. Family Law* § 131, at 128 (4th ed. 1980).

We have consistently held that a wife is responsible for her own necessaries upon her express contract or on equitable principles when the husband was unable to pay, notwithstanding her husband's concurrent liability. *Bowen v. Daugherty*, 168 N.C. 242, 84 S.E. 265. It appears that this Court has not addressed the question of whether a wife may also be liable for the necessary medical expenses of her husband. A review of those cases in which other jurisdictions have reached this issue, and of our state's public policy as expressed through legislation, persuades us that the doctrine of necessaries should be expanded to include this situation.

Most jurisdictions reaching this issue have held that the doctrine of necessaries should be applied in a gender-neutral fashion. Some states have eliminated it from their common law altogether. *See, e.g., Condore v. Prince George's County*, 289 Md. 516, 425 A. 2d 1011 (1981); *Schilling v. Bedford County Memorial Hospital, Inc.*, 225 Va. 539, 303 S.E. 2d 905 (1983). Other jurisdictions have expanded the doctrine to apply equally to either gender. *See, e.g., Jersey Shore Medical Center-Fitkin Hospital v. Baum's Estate*, 84 N.J. 137, 417 A. 2d 1003 (1980); *Richland Memorial Hospital v. Burton*, 282 S.C. 159, 318 S.E. 2d 12 (1984). Still other jurisdictions have imposed liability on the wife where the husband is unable to pay for his own necessaries. *See, e.g., Borgess Medical Center v. Smith*, 149 Mich. App. 796, 386 N.W. 2d 684 (1986); *Marshfield Clinic v. Discher*, 105 Wisc. 2d 506, 314 N.W. 2d 326 (1982). One jurisdiction reaching this issue recently has held that the common law doctrine, as historically applied, is still the law. *See Shands Teaching Hosp. and Clinics, Inc. v. Smith*, 497 So. 2d 644 (Fla. 1986). We agree with plaintiff that the trend is toward a gender-neutral application of the doctrine. *See* Annot. "Wife's Liability for Necessaries Furnished Husband," 11 A.L.R. 4th 1160 (1982 and Supp. 1986). Our concern here must be with the policy of North Carolina as evinced by the actions of our legislature. It is to this consideration we now turn.

This Court has not addressed the question of whether, or under what circumstances, a wife may be held liable for the necessary medical expenses provided to her husband. The defendant wife relies on *Presbyterian Hospitals v. McCartha*, 66 N.C. App. 177, 310 S.E. 2d 409, *disc. rev. improvidently allowed*, 312 N.C. 485, 322 S.E. 2d 761 (1984). There the Court of Appeals, under

facts similar to the ones at bar, determined that a wife was not liable for the medical expenses of her husband. The court reasoned that since the hospital was looking to the husband for payment and not relying on the wife's credit, there was no basis in law or equity for her to be held liable.

A review of several historical developments in the law of our state indicates a trend toward "gender neutrality." Many of the statutory provisions that formerly applied only to males now apply to both genders. Thus, N.C.G.S. § 14-322, which had provided for criminal sanctions against males for non-support, now applies to either gender. There is no longer a statutory presumption that the husband is the supporting spouse for alimony purposes. N.C.G.S. § 50-16.1(4) (1984). No longer is the duty to support children the sole primary responsibility of the father. N.C.G.S. § 50-13.4(b) (1984).

Perhaps the most convincing evidence that our legislature intends to bring gender neutrality into the law of domestic relations is the Equitable Distribution Act. N.C.G.S. §§ 50-20, -21 (1984 & Supp. 1985). This act is uniform in its treatment of parties to a marriage as equal partners in a joint enterprise and appears to us to be a clear break from the archaic notions reflected in earlier statutes.

We followed the legislative trend toward gender neutrality in our recent case of *Mims v. Mims*, 305 N.C. 41, 286 S.E. 2d 779 (1982). There, we considered the judge-made rule that where a wife buys property and puts it in her husband's name, a resulting trust in the property arises in her favor; yet where the husband buys property and puts it in his wife's name, the law presumes it to have been a gift to her. We noted that this rule arose in our courts sitting in equity to protect the interests of the wife, whom the law presumed to be controlled by her husband in financial matters. In deciding that this gender-biased rule was no longer in keeping with the modern concept of the marriage and with recent legislative trends already alluded to, we said:

> These notions no longer accurately represent the society in which we live, and our laws have changed to reflect this fact. No longer must the husband be, nor is he in all instances the sole owner of the family wealth. No longer is the wife viewed as "little more than a chattel in the eyes of the

law." *Nicholson v. Hospital,* 300 N.C. 295, 298, 266 S.E. 2d 818, 820 (1980). No longer in all cases is the husband the supporting and the wife the dependent spouse. No longer is the wife thought generally to be under the domination of her husband.

*Mims v. Mims,* 305 N.C. at 49, 286 S.E. 2d at 785 (citation omitted) (footnotes omitted).

We find that the reasoning in *Mims* is sound and applies equally well to the judge-made gender-biased rule requiring a husband to pay for the necessaries of his wife, but relieving her of a reciprocal duty. We therefore hold that a wife is liable for the necessary medical expenses provided for her husband. To the extent that the Court of Appeals opinion in *McCartha,* 66 N.C. App. 177, 310 S.E. 2d 409, conflicts with our ruling, that case is overruled.

Defendant contends that a gender-neutral application of the doctrine would be better accomplished by abolishing the doctrine of necessaries altogether. We see no reason to take this course. The doctrine has historically served several beneficial functions. Among these are the encouragement of health-care providers and facilities to provide needed medical attention to married persons and the recognition that the marriage involves shared wealth, expenses, rights, and duties. We conclude that the benefits to the institution of marriage will be enhanced by expanding rather than abolishing the doctrine of necessaries. Our decision is a recognition of a personal duty of each spouse to support the other, a duty arising from the marital relationship itself and carrying with it the corollary right to support from the other spouse.

Because this obligation, like the husband's obligation to pay for the medical expenses of his wife, arises from the marriage relationship, attempts by the wife, as here, to disavow this duty have no effect.

[2] Having held that the doctrine of necessaries applies equally to both spouses, we turn to the question of whether the dismissal of plaintiff's action against Vern Dell Harris was proper. In order to make out a *prima facie* case against a spouse for the recovery of expenses incurred in providing necessary medical services to the other spouse, the following must be shown:

(1) medical services were provided to the spouse;

(2) the medical services were necessary for the health and well-being of the receiving spouse;

(3) the person against whom the action is brought was married to the person to whom the medical services were provided at the time such services were provided; and

(4) the payment for the necessaries has not been made.

Turning to the facts in the present case, it appears that all of the elements of a *prima facie* case have been proven or stipulated to by the parties and that no affirmative defenses have been shown. The trial judge found as facts, and the parties so stipulated, that services were provided to defendant Donnie Harris; that these services were necessary to his health and well-being; that Donnie Harris was married to Vern Dell Harris at the time that the services were provided; that the outstanding balance for the services was $3,303.61; and that the payment for those services has not been made. We conclude, therefore, that plaintiff is entitled to recover of Vern Dell Harris $3,303.61, the cost of the medical services provided for her husband by plaintiff.

We, therefore, reverse the decision of the Court of Appeals, vacate the judgment of the trial court, and remand the case to the Court of Appeals for further remand to the District Court, Yadkin County, for entry of judgment for $3,303.61, plus interest, in favor of plaintiff against Vern Dell Harris.

Reversed and remanded.