2162

ANDERSON MEMORIAL HOSPITAL, INC., Appellant
v. Samuel Andrew HAGEN, Respondent.

(443 S.E. (2d) 399)

Court of Appeals

*Steven C. Kirven* and *Todd R. Davidson,* both of *Watkins, Vandiver, Kirven, Gable & Gray,* Anderson, *for appellant.*

*Thomas E. Hite, Jr.,* of *Hite & Pruitte,* Abbeville, *for respondent.*

Heard Mar. 2, 1994.

Decided Apr. 4, 1994. Reh. Den. May 17, 1994.

BELL, Judge:

This is an action on an account stated. Anderson Memorial Hospital, Inc., sued Samuel Andrew Hagen to recover for $62,089.63 worth of hospital services provided to Hagen's deceased wife. The circuit court found Hagen was not liable for his wife's medical expenses, holding the Hospital was barred from bringing a claim against him, since it failed first to institute an action against the wife's estate. The Hospital appeals. We affirm.

The wife was hospitalized periodically from February, 1986, until her death in November, 1988. At each admission to the Hospital, Hagen stated he would pay what he could. He paid the Hospital about $30,000 from February, 1986, until sometime in 1991, usually in monthly installments of $500 to $1000. The net value of the wife's estate exceeded the balance due on her account with the Hospital at the time of her death. However, the Hospital filed no claim against her estate, which has now been discharged from probate. When Hagen stopped making payments, the Hospital sued him for the balance due on his wife's account.

1. The Hospital first argues the circuit court erred in ■ deciding the case solely on the doctrine of necessaries without considering its claim Hagen was also liable on an express or implied contract. The record shows the Hospital based its claim at trial solely on the doctrine of necessaries. It first raised the issue of a contract with Hagen in its motion to reconsider, alter, or amend the judgment. A party cannot use a motion to reconsider to present an issue he could have raised prior to judgment but did not. *C.A.H. v. L.H.*, — S.C. —, 434 S.E. (2d) 268 (1993).[1]

---

[1] Were we to reach the contract issue on the merits, we would hold that there was no contract. Mutual assent to all essential terms of the agreement is necessary to the formation of a contract. *W.E. Gilbert & Associates v. South Carolina National Bank*, 285 S.C. 421, 330 S.E. (2d) 307 (Ct. App. 1985). The Hospital claims Hagen owed it a total of $99,684.57 under the contract; but the only evidence was that he promised to "pay what I can." This did not manifest a meeting of the minds between the parties as to the contract price. Without the actual agreement of the parties, there was no contract, express or implied. *Stanley Smith & Sons v. Limestone College*, 283 S.C. 430, 322 S.E.

2. The Hospital also argues the circuit court erred in barring its claim against Hagen under the doctrine of necessaries. South Carolina recognizes the common law doctrine of necessaries which, in the absence of contract, allows third parties to bring an action against a husband or wife to recover the cost of necessities incurred by the other spouse during marriage. *Richland Memorial Hospital v. Burton*, 282 S.C. 159, 318 S.E. (2d) 12 (1984). The doctrine of necessaries applies to necessary medical expenses. *Id.*

The circuit court held the doctrine requires creditors first to seek recovery against the spouse who incurred the necessary expense before proceeding against the other spouse. This precise point has not been decided by the South Carolina Supreme Court. *See Richland Memorial Hospital v. Burton, supra.* However, the rule is supported by well-reasoned authority in other jurisdictions. *See, e.g., Bartrom v. Adjustment Bureau, Inc.*, 618 N.E. (2d) 1 (Ind. 1993); *St. Francis Regional Medical Center v. Bowles*, 251 Kan. 334, 836 P. (2d) 1123 (1992); *Hulse v. Warren*, 777 S.W. (2d) 319 (Mo. Ct. App. 1989); *Jersey Shore Medical Center-Fitkin Hospital v. Estate of Baum*, 84 N.J. 137, 417 A. (2d) 1003 (1980). We hold this is also the common law rule in South Carolina. Because the hospital did not first seek to recover from the assets of the wife, the primary obligor, it cannot now recover from the husband, who was only secondarily liable.

Affirmed.

GOOLSBY and CONNOR, JJ., concur.

---

(2d) 474 (Ct. App. 1984). Moreover, a promise to "pay what I can" is not sufficiently certain to bind the promisor contractually. Too much is left to the judgment of the promisor. *See Bragdon v. Shapiro*, 146 Me. 83, 77 A. (2d) 598 (1951) (agreement providing for payment of bonus if "business warrants," too indefinite to be enforced); *see also Dale's Shoe Store, Inc. v. Dale*, 104 Ga. App. 371, 121 S.E. (2d) 695 (1961) (agreement to pay for services when the employer "got on its feet" not enforceable).