24133

AMISUB OF SOUTH CAROLINA, INC., d/b/a Piedmont Medical Center, Respondent v. Carl PASSMORE and York County Department of Social services, Appellants.

(447 S.E. (2d) 207)

Supreme Court

*Susan Anderson,* Columbia, and *Betty Strom,* Greenwood, *for appellant York County DSS.*

*Susan Cross,* Rock Hill, *for appellant Carl Passmore.*

*Beverly A. Carroll,* Rock Hill, *for respondent.*

*Laura Thomas, guardian ad litem,* Fort Mill, *for Beatrice Passmore.*

Heard June 10, 1994.

Decided July 25, 1994; Reh. Den. Aug. 31, 1994.

MOORE, Justice:

This appeal is from a family court order finding appellants financially responsible for appellant Carl Passmore's wife. We reverse.

## FACTS

In April 1992, fifty-seven-year-old Beatrice Passmore was admitted to Piedmont Medical Center (Hospital). Mrs. Passmore had been on a ventilator for two years and cared for by Mr. Passmore and her granddaughter.[1] Mrs. Passmore was not mentally incapacitated. At the end of April 1992, although

---

[1] Mrs. Passmore had been given a year to live after she was originally placed on the ventilator. Mrs. Passmore died in September 1993.

still on a ventilator, Mrs. Passmore was well enough to be released from the hospital. However, Mr. Passmore refused to accept responsibility for her care and, without someone willing to care for her, Hospital could not release her. Hospital attempted to find a nursing home which would accept Mrs. Passmore. Since Mrs. Passmore was a Medicaid patient and on a ventilator, however, no nursing home would accept her at the Medicaid rate of $180.00/day.

Hospital brought this action asking the family court to order Mr. Passmore to accept responsibility for his wife pursuant to S.C. Code Ann. § 20-7-420 (1985); or in the alternative, for DSS to take custody of Mrs. Passmore under S.C. Code Ann. §§ 43-29-10 to -100 (1985), the Adult Protective Services Act.[2] The family court ordered Mr. Passmore financially liable for his wife's care through July 2, 1992, and thereafter ordered the financial obligations regarding Mrs. Passmore's care to be the responsibility of DSS. Both DSS and Mr. Passmore appeal.

## ISSUES

1) Does Hospital have standing to bring this action?
2) Did the family court err in ordering DSS was financially responsible for Mrs. Passmore?

## DISCUSSION

Initially, we address the question of whether the family court has subject matter jurisdiction to hear Hospital's action against Mr. Passmore.[3] Lack of subject matter jurisdiction may not be waived and should be taken notice of by this Court. *Anderson v. Anderson*, 299 S.C. 110, 382 S.E. (2d) 897 (1989). Hospital brought this action pursuant to S.C. Code Ann. § 20-7-840 (1985) which provides: "Any interested persons may file a petition to the [family] court requesting the court to order persons legally chargeable to provide support as required by law." Further, Hospital con-

---

[2]This Act was repealed effective September 11, 1993, and replaced by a similar act, the Omnibus Adult Protection Act, S.C. Code Ann. 43-35-5 through -90 (Supp., 1993).

[3]The family court also questioned whether it had jurisdiction but held "the issues of the best interests of Beatrice Passmore are properly before [the family court] and her best interests warrant that the Defendant Carl Passmore continue as a party to this action involving his wife."

tends it has to bring this action in family court because the family court has exclusive jurisdiction to order support of a spouse or child pursuant to S.C. Code Ann. § 20-7-420(14) (1985). We disagree.

We find the family court's exclusive jurisdiction under these sections are limited to alimony and child support; not third-party actions. The necessaries doctrine allows third parties providing necessities to bring an action against a spouse in circuit court. *Richland Memorial Hosp. v. Burton*, 282 S.C. 159, 318 S.E. (2d) 12 (1984); *see also Anderson Memorial Hosp., Inc. v. Hagen*, 443 S.E. (2d) 399 (S.C. Ct. App. 1994) (Davis Adv. Sh. No. 8 at 7) (under necessaries doctrine action first must be brought against spouse who incurred necessary expenses or her estate before proceeding against other spouse). We now hold the family court does not have subject matter jurisdiction over Hospital's action against Mr. Passmore. Therefore, the portion of the family court's order which addresses this part of Hospital's action is void.

1) Standing

DSS argues Hospital does not have standing to bring this action against it because Hospital is not an interested person under the Adult Protective Services Act since Hospital is only financially interested. We disagree. Section 43-29-10(2) defines an "interested person" as one concerned with the welfare of the protected person. It does not limit interested persons to those with an altruistic interest in the protected person. We find Hospital has standing to bring this action against DSS.

2) Financial responsibility of DSS

DSS argues the family court erred in ordering it to assume the financial responsibilities regarding the care of Mrs. Passmore. We agree. S.C. Code Ann. § 43-29-10(7) (1985) provides:

"Protective services" means those services whose objective is to protect an incapacitated person from himself and from others. They shall consist of evaluation of the need for service and mobilization on the person's behalf of appropriate existing services and shall include, but not be limited to, arrangements for appropriate living quarters,

obtaining financial benefits to which the person is entitled, securing medical services and supplies and legal services in those situations where exploitation, prevention of injury, protection of the person and his property and serving the necessities or amenities of life are at issue.

This section does not state DSS is to assume the financial obligations regarding the care of a protected person. Therefore, the family court judge went beyond the scope of this section in ordering DSS financially responsible. We need not address the remaining issues.

Reversed.

FINNEY, Acting C.J., and C. TOLBERT GOOLSBY, JR., BRUCE LITTLEJOHN and M.D. SHULER, Acting Associate Justices, concur.