2290

TRIDENT REGIONAL MEDICAL CENTER, Appellant v. Linda P. EVANS and Henry A. Evans, Respondents, and TRIDENT RE-GIONAL MEDICAL CENTER, Appellant v. Patricia L. DRAWDY and Craig Drawdy, Individually and as the Parents and/or Natural Guardians of Baby Boy Drawdy, A Minor under the age of Fourteen (14) Years, Respondents, and TRIDENT REGIONAL MEDICAL CENTER, Appellant v. Elizabeth BROWN and Jonathan Brown, Respondents. TRIDENT REGIONAL MEDICAL CENTER, Appellant v. Ula MILLER and Ernest Miller, Respondents (Two Cases Combined).

(454 S.E. (2d) 343)

Court of Appeals

*John K. Crout* and *Lawrence A. Laddaga* both of *The Laddaga Law Firm*, Charleston, *for appellant.*

*Linda P.* and *Henry A. Evans, Patricia L.* and *Craig Drawdy, Elizabeth* and *Jonathan Brown, Ula Miller* and *Ernest Miller, all pro se.*

Heard Sept. 8, 1994.

Decided Jan. 23, 1995.

HOWELL, Chief Judge:

These are collection actions. In each case, medical services were rendered to the wife, and the husband did not sign a written guarantee of payment. Additionally, in the Drawdy action, medical services were rendered to the minor child of the Drawdys at birth. Trident Regional Medical Center (Trident) sought to recover the unpaid balances from the husbands and the wives, arguing that the husbands were liable under the common law doctrine of necessaries. The trial court entered default judgments against the persons who received the medical treatment, but denied default judgments against their spouses. Trident appeals the latter decisions. We affirm in part, reverse is part, and remand.

### I.

The common law imposed on a husband the duty to support his wife. Thus, under the "necessaries doctrine," a husband was responsible for necessaries supplied to his wife by a third party. *Richland Memorial Hosp. v. Burton*, 282 S.C. 159, 318 S.E. (2d) 12 (1984). This duty of support derived from the status of husband and wife as one legal entity and the married women's lack of capacity to enter into a contract. The necessaries doctrine, by giving creditors incentive to provide necessary goods and services to a married woman, helped to ensure that a married woman could meet her basic needs and those of her family. *See,*

*e.g., North Carolina Baptist Hosps., Inc. v. Harris*, 319 N.C. 347, 354 S.E. (2d) 471, 472-73 (1987); *Medical Business Assocs., Inc. v. Steiner*, 183 A.D. (2d) 86, 588 N.Y.S. (2d) 890 (1992). While the advent of the Married Women's Property Acts in the late 1800s eliminated the married woman's contractual disability, the acts did not relieve a husband of his obligation to provide for his wife's necessaries. *See Burton*, 282 S.C. at 160, 318 S.E. (2d) at 13; *Steiner*, 588 N.Y.S. (2d) at 892-93. However, because the common law did not impose a reciprocal support obligation on wives, the necessaries doctrine in recent years has become the subject of constitutional attack.

In response to these attacks, some states have abandoned the common law necessaries doctrine entirely. *See, e.g., Condore v. Prince George's County*, 289 Md. 516, 425 A. (2d) 1011 (1981); *Emanuel v. McGriff*, 596 So. (2d) 578 (Ala. 1992); *Schilling v. Bedford County Memorial Hosp.*, 225 Va. 539, 303 S.E. (2d) 905 (1983).[1] Other states, however, including South Carolina, recognizing the ability of the common law to evolve in response to society's changing needs and goals, have modified the doctrine by applying it in a gender neutral fashion. *Burton*, 282 S.C. at 161, 318 S.E. (2d) at 13; *Jersey Shore Medical Center-Fitkin Hosp. v. Estate of Baum*, 84 N.J. 137, 417 A. (2d) 1003 (1980); *North Carolina Baptist Hosps., supra; Steiner, supra; St. Francis Regional Medical Center, Inc. v. Bowles*, 251 Kan. 334, 836 P. (2d) 1123 (1992). Thus, under the modern incarnation of the necessaries doctrine, both husbands and wives have obligation to support their spouses, and both spouses are liable for the cost of necessaries supplied to one of the spouses, even if only one spouse is contractually liable for the necessaries. *Richland Memorial Hosp. v. Burton, supra; Anderson Memorial Hosp. v. Hagen*, — S.C. —, 443 S.E. (2d) 399 (Ct. App. 1994). Medical services are generally considered to be necessaries. *See, e.g., Ateyeh v. Volkwagen of Florence, Inc.*, 288 S.C. 101, 341 S.E. (2d) 378 (1986). Thus, in the cases before us, the husbands may be held liable for the costs of the medical services provided to the wives, in spite of the fact that the husbands did not sign the payment guarantees.

---

[1]However, in response to *Schilling,* the Virginia legislature statutorily extended the doctrine to both husbands and wives. Va. Code Ann. § 55-37.

Because the husbands in the case at bar may ultimately be liable for the medical expenses of the wives, we must now determine what actions a creditor must take in order to recover from the husbands. The states extending the necessaries doctrine to both spouses have reached different answers to this question. In some states the creditor may seek recovery from the other spouse only if the assets of the spouse actually incurring the debt are insufficient. *See Estate of Baum, supra; Steiner, supra.* Other states have held that under the necessaries doctrine, husbands and wives spouses are jointly and severally liable for the necessaries supplies to the other spouse. *See Cuyahoga County Hospitals v. Price,* 64 Ohio App. (3d) 410, 581 N.E. (2d) 1125 (1989); *North Carolina Baptist Hosps., supra.* While this general· issue has been addressed in South Carolina, the question of exactly what action must be taken by a creditor before it can recover under the necessaries doctrine has not been answered. In *Hagen, supra,* this Court stated that the creditor must "first seek to recover from the assets of the . . . primary obligor" before seeking recovery from the secondary obligor. *Hagen,* — S.C. at —, 443 S.E. (2d) at 401. However, in *Hagen,* the primarily liable spouse died and the hospital creditor did not file a claim against her estate, which was subsequently discharged from probate. *Id.* 443 S.E. (2d) at 400. Thus, because no action was taken to recover against the primary obligor, *Hagen* did not attempt to determine what action would have been sufficient.

By allowing a creditor to look to both spouses for repayment, the necessaries doctrine encourages health care facilities and other suppliers to provide products and services necessary for the well-being of a family, and recognizes that marriage involves shared wealth, rights, and duties. *North Carolina Baptist Hosps.,* 354 S.E. (2d) at 474. The actions required of a creditor, therefore, should further the objectives of the doctrine, and should not be so burdensome as to discourage creditors from providing necessaries to married persons. We find North Carolina's approach to be well-balanced and practical, and adopt it with minor modifications. Therefore, we hold that to establish a *prima facie* case against the secondarily liable spouse under the necessaries doctrine, the creditor must show that:

(1) necessaries were provided to the spouse;
(2) the person against whom the action is brought was married to the person to whom the necessaries were provided at the time the necessaries were provided; and (3) despite demand therefor, payment for the necessaries has not been made by the person to whom the necessaries were provided.

*See North Carolina Baptist Hosps.*, 354 S.E. (2d) at 475. We believe that this approach to the necessaries doctrine is consistent with the obligation imposed on each spouse to support the family. *See* S.C. Code Ann. § 20-7-90 (1976) ("Any able-bodied person capable of earning a livelihood who shall, without just cause or excuse, abandon or fail to provide reasonable support to his or her spouse or to his or her minor . . . child . . . shall be deemed guilty of a misdemeanor. . . .").

Moreover, support for the approach is found in *Ateyeh v. Volkswagen of Florence, Inc.*, 288 S.C. 101, 341 S.E. (2d) 378 (1986). In *Ateyeh*, a wife brought suit against her husband's employer and health insurance carrier alleging, *inter alia*, breach of contract and bad-faith failure to pay insurance benefits. The insurer argued that the wife did not have standing to sue on the husband's insurance policy. Our Supreme Court disagreed, stating that because the wife could be held individually liable for the husband's medical expenses under the necessaries doctrine, she had standing to enforce the policy. *Id.* at 103, 341 S.E. (2d) at 379. The Court also held that because the wife's interest in the enforcement of the insurance policy was not merely contingent, she could maintain a bad-faith action against the insurer. *Id.* at 103, 341 S.E. (2d) at 380. If under the necessaries doctrine a spouse incurring the debt is unable to pay, then the wife's interest in *Ateyeh* in her husband's insurance policy would have been a contingent interest. Accordingly, we find that the necessaries doctrine as applied in South Carolina does not require the creditor to proceed to judgment against the spouse incurring the debt before seeking recovery from the other spouse.

We are aware that certain language in *Amisub of South Carolina, Inc. v. Passmore*, — S.C. —, 447 S.E. (2d) 207 (1994) appears at first blush to be inconsistent with the approach we adopt here. In *Passmore*, a hospital brought suit in

family court against the Department of Social Services and the husband of its patient seeking, *inter alia,* to require the husband to accept financial responsibility for his wife's treatment. The issue before the court was whether the family court had subject matter jurisdiction over the hospital's claim against the husband. *Id.* 447 S.E. (2d) at 208. The court recognized that the necessaries doctrine permits the creditor of one spouse to seek recovery from the other spouse, and held that such an action was properly brought in circuit court rather than family court. — S.C. at —, 447 S.E. (2d) at 209. However, in a parenthetical description of *Hagen,* the *Passmore* court characterized *Hagen* as requiring the creditor to first file an action against the primary spouse before seeking recovery against the secondarily liable spouse under the necessaries doctrine. As discussed above, *Hagen* did not determine what actions must be taken by the creditor. Moreover, the action required of a creditor before it can proceed against the other spouse was not at issue in *Passmore* and therefore is *dictum;* accordingly, we are not bound by it. *See Dennis v. South Carolina Nat'l Bank,* 299 S.C. 34, 382 S.E. (2d) 237 (Ct. App. 1988), *cert dismissed,* 302 S.C. 51, 393 S.E. (2d) 382 (1990). Furthermore, we are convinced that requiring a creditor to file two actions (one against the primarily liable spouse, and then a second against the secondarily liable spouse) would prove unworkable and incompatible with the goals of the necessaries doctrine. Such a requirement would at best provide only limited protection to the assets of the secondarily liable spouse. More importantly, such an approach would increase the costs of collecting a debt for necessaries, and would also create needless delays and practical problems (in particular, statute of limitations problems with the action against the secondarily liable spouse). Allowing a creditor to bring a single action against both spouses after making demand upon the primarily liable spouse strikes a fair balance between the interests of the creditor and the secondarily liable spouse.[2]

---

[2] We do not overlook the argument that our approach, by exposing the assets of one spouse to a debt incurred by another without regard to the financial resources of the spouse actually incurring the debt, turns the necessaries doctrine into nothing more than a creditor's remedy. *See Steiner,* 588 N.Y.S. (2d) at 896; *Estate of Baum,* 417 A. (2d) at 1010. However, in our view, the necessaries doctrine historically has been a creditor's remedy, encouraging

A review of the record demonstrates that in each of the cases Trident established its right to a judgment against both spouses. In each case Trident showed that necessaries were provided; that the parties were married at the time the necessaries were provided; and that payment had not been made after demand. Accordingly, the trial court erred by refusing to enter judgment against the secondarily liable spouses. We therefore reverse those portions of the trial court's orders, and remand with instructions to enter judgment against the secondarily liable spouse.

## II.

In addition to the issue of the common law necessaries doctrine, the Drawdy action also presents the issue of the obligation of a parent for the cost of medical care provided to a minor child. The medical expenses in this case involved expenses for Mrs. Drawdy and Baby Boy Drawdy for the delivery of the child. According to the record, the separate medical expenses incurred by Baby Boy Drawdy during his hospitalization totalled $3,531.90. Under the common law, a parent is responsible for the support of his or her minor child. *See Hughey v. Ausborn*, 249 S.C. 470, 154 S.E. (2d) 839 (1967). Therefore, both Mr. and Mrs. Drawdy are liable for the medical expenses incurred by Baby Boy Drawdy. We therefore reverse that portion of the trial court's order and remand with instructions to enter judgment against Mr. Drawdy for Baby Boy Drawdy's expenses, in addition to his liability for Mrs. Drawdy's expenses.

Accordingly, for the foregoing reasons, the appealed orders are affirmed in part, reversed in part, and remanded.

CURETON, J., concurs.

CONNOR, J., concurs in part and dissents in part in a separate opinion.

---

the extension of credit to married women by allowing the creditor to proceed against the husband. It was the removal of married women's contractual disability through the Married Women's Property Acts which lessened the need for the necessaries doctrine and at the same time magnified the doctrine's value to creditors. Our approach simply recognizes that any remaining goals of the doctrine can be realized only if the doctrine is used and relied upon by creditors.

CONNOR, Judge, concurring in part and dissenting in part:

I concur with the majority opinion concerning Baby Boy Drawdy. I respectfully dissent concerning the doctrine of necessaries as it applies to the spouses.

*Passmore*, citing *Anderson Memorial Hosp. v. Hagen*, 313 S.C. 497, 443 S.E. (2d) 399 (Ct. App. 1994), held "[t]he necessaries doctrine allows third parties providing necessities to *bring an action against a spouse in circuit court.*" *Amisub of South Carolina, Inc. v. Passmore*, 316 S.C. 112, 114, 447 S.E. (2d) 207, 209 (1994) (emphasis added). *Passmore* also interpreted *Hagen* as clearly requiring that an *"action first must be brought* against [the] spouse who incurred necessary expenses before proceeding against [the] other spouse." *Id.* at 114, 447 S.E. (2d) at 209, *citing Richland Memorial Hosp. v. Burton*, 282 S.C. 159, 318 S.E. (2d) 12 (1984). Therefore mere demand for payment from the person to whom the necessaries were provided is not enough. In my opinion the creditor must first file an action against the primary obligor and have a *nulla bona* return before proceeding against a spouse. I would therefore reverse only as to Baby Boy Drawdy.