NORTH OTTAWA COMMUNITY HOSPITAL v KIEFT

Docket No. 173302. Submitted September 19, 1995, at Grand Rapids. Decided December 12, 1995, at 9:10 A.M. Leave to appeal sought.

North Ottawa Community Hospital brought an action in the Ottawa Circuit Court against Barbara Kieft, seeking payment of medical bills incurred by the defendant's husband before he died. The defendant had not contracted for the medical services or guaranteed payment for them. The court, Wesley J. Nykamp, J., granted summary disposition for the plaintiff, rejecting the defendant's contention that she was not liable for the debt of her husband under the married women's property act, MCL 557.21; MSA 26.165(1). The defendant appealed.

The Court of Appeals *held:*

The married women's property act violates equal protection, Const 1963, art 1, § 2; US Const, Am XIV, in relieving a wife of liability for payment of necessary medical expenses incurred by her husband.

Affirmed.

MARKEY, P.J., concurring in the result only, stated that *Borgess Medical Center v Smith,* 149 Mich App 796 (1986), controls this case.

CONSTITUTIONAL LAW — MARRIED WOMEN'S PROPERTY ACT — WIFE'S LIABILITY FOR HUSBAND'S MEDICAL EXPENSES — EQUAL PROTECTION.

The married women's property act, in relieving a wife of liability for payment of necessary medical expenses incurred by her husband, violates equal protection (MCL 557.21; MSA 26.165[1]; US Const, Am XIV; Const 1963, art 1, § 2).

*John D. Bradshaw,* for the plaintiff.

*James W. Bussard,* for the defendant.

REFERENCES
Am Jur 2d, Constitutional Law §§ 735.
See ALR Index under Equal Protection of Law; Husband and Wife.

Before: MARKEY, P.J., and MICHAEL J. KELLY and
A. J. FERRARA,* JJ.

PER CURIAM. David and Barbara Kieft were
husband and wife. From February of 1989 through
May of 1991, David Kieft was the recipient of the
services of North Ottawa Community Hospital and
accumulated unpaid charges of $22,191.81. Bar-
bara Kieft did not contract for David's care, nor
did she agree to guarantee payment for his care.
At the time of David's death, his estate was insol-
vent and the outstanding hospital bills were not
paid.

The hospital sued Barbara for David's hospital
care, and Barbara raised the defense of the mar-
ried women's property act, MCL 557.21; MSA
26.165(1), which in pertinent part states as follows:

> If a woman acquires real or personal property
> before marriage or becomes entitled to or acquires
> after marriage, real or personal property through
> gift, grant, inheritance, devise, or other manner,
> that property is and shall remain the property of
> the woman and be a part of the woman's estate.
> She may contract with respect to the property,
> sell, transfer, mortgage, convey, devise, or be-
> queath the property in the same manner and with
> the same effect as if she were unmarried. The
> property shall not be liable for the debts, obliga-
> tions or engagements of any other person, includ-
> ing the woman's husband, except as provided in
> this act.

The plaintiff relied upon *Borgess Medical Center
v Smith*, 149 Mich App 796; 386 NW2d 684 (1986),
as authority for the obligation of a wife to pay
necessary medical expenses incurred by her hus-
band during the marriage.

The Ottawa Circuit Court granted plaintiff sum-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mary disposition under MCR 2.116(C)(9) and (10) on February 8, 1994, in the amount of the outstanding balance and costs and interest.

Defendant Barbara Kieft appealed, claiming that the married women's property act controls and that *Borgess, supra,* was wrongly decided.

The Court in *Borgess* concluded that the statute that relieves the wife of liability for her husband's medical necessaries is not in tune with our times and held that the wife was liable for these necessaries. The *Borgess* Court cited *Manatee Convalescent Center, Inc v McDonald,* 392 So 2d 1356, 1357 (Fla App, 1980), and quoted the conclusion with approval:

> Changing times demand reexamination of seemingly unchangeable legal dogma. Equality under law and even handed treatment of the sexes in the modern market place must also carry the burden of responsibility which goes with the benefits. [*Id.* at 1358.]

Article 1, § 2 of the Michigan Constitution of 1963, as well as the Fourteenth Amendment of the United States Constitution provides for equal protection of the law. The Court in *Borgess Medical Center, supra,* concluded by necessary implication that the married women's property act is unconstitutional. We agree.

Affirmed.

MARKEY, P.J. *(concurring).* This issue was squarely addressed by the holding in *Borgess Medical Center v Smith,* 149 Mich App 796, 801; 386 NW2d 684 (1986).

Accordingly, I concur in the result only.