Pearson, J.
 

 According to the common law, the legal existence of the wife is merged in that of the husband, so that she is incapable of making a contract, whereby to bind either-herself or her husband. She may, however, as his agent, make a contract that will be valid as to him, and an agency may be constituted, either by express authority or by implication, in respect to such matters as are usually confided to. the wife.
 

 J3'ut this implication of agency can only be made while the parties continue to live together. If they separate, and live apart, the idea of an implied agency is out of the question. The effect of the- notice (such as was given in this case) is merely to. inform the public-®f the fact of the separation which operates as a revocation of any implied agency that existed while they lived together.
 

 If a wife, leaves the “ bed and board” of the husband
 
 without good' came,
 
 so far from his being liable for any contract she may make, even in respect to the food, clothing, or shelter necessary for her existence-, lie- is entitled to an action and may recover damages against any person who administers to her wants and supplies her with necessaries ;
 
 Barbee
 
 v.
 
 Arm
 
 stead, 10 Ire. Rep. 530.
 

 
 *243
 
 This rule of the common law, which may seem harsh, is based upon the ground that it is wrong to* -harbor the wife by doing any act which will make it more easy for her to continue in the violation of her conjugal duties.
 

 If a wife has good cause for separating and refusing to live with her husband, he is bound to pay for necessaries furnished to her which are suitable to their condition and habits in life. To create this liability, the law implies a request on his part, and the implication is made
 
 ex
 
 necessitate, to prevent the wife from starving: on the same principle that the contract of a lunatic, under certain circumstances, is supported.
 
 Richardson
 
 v. Strong, 13 Ire. Rep. 106. Although in the case of the husband, this implication may be against the truth, yet, it is sustained by the maxim that “ no one shall take advantage of his own wrong
 
 Hindly
 
 v. Westmeath, 13 E. C. L. Rep. 141; 14 ibid. 188, 11 John. Rep. 281. To make the principles applicable, the husband must be put in the wrong. It follows that any one who furnishes the wife with necessaries while she is living apart from her husband,
 
 tak.es the responsibility.
 
 If he is able to prove that the wife had good cause for the separation, he will recover the value of the articles furnished, or of the labor done. If not able to make such proof, he is exposed to the action of the husband. Few persons are willing to take this responsibility, and in order to provide for the wife, until the question, whether she had good cause for separation, can be decided, our statutes allow alimony pending the suit for a divorce, upon her own allegations, provided they are sufficient, if true, and she makes affidavit to the truth thereof in the mode required.
 

 In our case there was no evidence tending to show that the wife had good cause for separation, but his Honor was of opinion with the plaintiff. There is error, as the facts were agreed on. The case should have been put in such a shape as to make the decision of the point of law end the litigation. In the manner presented we can only direct a
 
 venire de novo.
 

 Per Curiam, Judgment reversed.