*J. O'CONNOR and others **v.** W. H. HARRIS, wife and others.

*Marriage— Vested Rights— Wife's Choses in Action—Husband's right to assign them—Interest of Assignee.*

1. Marriage, prior to the adoption of the constitution of 1868, conferred on the husband *a vested right* to reduce into possession and convert to his own use the choses in action of the wife belonging to her at the time of the marriage.

2. Where a marriage took place in 1865 and the husband, pending suit brought in 1867 on a chose in action of the wife's, assigned the same in 1873, the assignee succeeds to the vested rights of the husband in the claim, and may assert his title against the wife and all others, subject only to the wife's right of survivorship in the claim if it be not collected during the life of the husband.

(*Arrington* v. *Yarborough*, 1 Jones Eq., 72 ; *Sutton* v. *Askew*, 66 N. C., 172 ; *Holliday* v. *McMillan*, 79 N. C., 315, cited and approved.)

---

*Smith, C. J., did not sit on the hearing of this case.

·. Civil Action tried at Fall Term, 1878, of Northampton Superior Court, before *Seymour, J.*

Upon the finding of the jury and the facts admitted in the case, the court gave judgment for the plaintiff and the defendants appealed.

*Messrs. R. B. Peebles, W. H. Day* and *Mullen & Moore,* for plaintiff:

The assignment of the chose in action was valid and binding on Harris and his wife, unless he was deprived of the power to sell it by virtue of the provisions of the constitution of 1868. See *Burwell* v. *Roberts,* 4 Dev., 81; *Knight* v. *Leak,* 2 Dev. & Bat., 133; *Barnes* v. *Pearson,* 6 Ire. Eq., 482; *Weeks* v. *Weeks,* 5 Ire. Eq., 111; *Rogers* v. *Bumpass,* 4 Ire Eq, 285; *Howell* v. *Howell,* 3 Ire. Eq., 522; *Dozier* v. *Muse,* 2 Hawks, 482; *Bryan* v. *Spruill,* 4 Jones Eq., 27; *Arrington* v. *Yarborough,* 1 Jones Eq., 72; Reeve's Dom. Rel., 55; *Schuyler* v. *Hoyle,* 5 Johns. Ch. Rep., 196; 2 Akins, 206; 2 Kent. Com., 135. The suit of 1867 or the assignment was a sufficient reduction into possession by the husband. 31 Penn., 233; *Holmes* v. *Holmes,* 28 Vt., 765; *Barber* v. *Slade,* 30 Vt., 191. The right to sell had vested in the husband prior to 1868 and could not be divested by the constitution of that year. *Sutton* v. *Askew,* 66 N. C., 172; *Kirkman* v. *Bank,* 77 N. C., 394; *Holliday* v. *McMillan,* 79 N. C., 315; 4 Barb. Rep., 295.

*Messrs. Reade, Busbee & Busbee,* for defendants:

After remarking upon the ruling in *Sutton* v. *Askew* and *Holliday* v. *McMillan,* at length, and referring to cases cited by the opposing counsel, cited *Bobbitt* v. *Jenkins,* 77 N. C., 385; *Mardree* v. *Mardree,* 9 Ire., 295; *Airey* v. *Holmes,* 5 Jones, 142; *Hardie* v. *Cotten,* 1 Ire. Eq., 61; *Poindexter* v. *Blackburn, Ibid.,* 286. Although the marriage took place before 1868, and the chose in action existed before that time, yet the hus-

O'CONNOR *v.* HARRIS.

band neither reduced it into possession nor assigned it before 1868, and had no property in it at the adoption of the constitution which made it the wife's *separate property*. While property of wife at common law, *in possession*, became husband's by mere fact of marriage, that was not true of her *expectancies*, choses in action, &c., which did not become his until reduced into *actual* possession, or in some cases, assigned; the constitution of 1868 destroyed his *inchoate* right and his assignment passed nothing.

DILLARD, J.   The defendant Harris intermarried with Susan his wife, who had been the ward of defendant Carstarphen, in 1865, and brought suit in the name of himself and wife, to spring term, 1867, against the guardian to surcharge and falsify an account of his guardianship previously settled; and pending the suit, to-wit, in 1873, the said Harris conveyed the chose in action, which formed the subject matter thereof, to the plaintiff J. O'Connor in trust for the purposes in the deed of assignment mentioned.   After having so done, Harris compromised the suit, and the allegation is that a decree by consent was entered for a small sum against the guardian, with a private understanding that he was to make over and secure to the *feme* plaintiff the sum of about $1,800.

The plaintiff alleges that after the assignment to him he notified Carstarphen of it, and he and Harris then combined to end the pending suit by a consent decree and private understanding as aforesaid; according to which a considerable sum of money was paid to Harris' wife, after notice of the assignment of the claim, upon the fraudulent intent to defeat the plaintiff in its collection.

The defendants Harris and wife answered, and on an issue submitted to the jury, it was found as a fact that Carstarphen had paid the *feme* plaintiff one thousand dollars as her guardian after notice of the transfer to the plaintiff.

Upon the verdict of the jury and the other admitted facts in the pleadings, His Honor overruled the claim of separate estate of Susan Harris in the chose in action, and adjudged that plaintiff recover the same ($732.47 and interest) secured by the assignment against Harris and wife and Carstarphen, it being less in amount than the $1,000 paid as aforesaid, after notice to the guardian of the plaintiff's claim, and from this judgment an appeal is taken to this court.

The appeal presents this question : Did the assignment by Harris to J. O'Connor in 1873 have the effect to pass to the assignee a right to have the funds in the hands of the guardian of the wife, the marriage having taken place and the sum being due before the adoption of the constitution of 1868, or was the wife entitled to the same as a separate estate against the claim of her husband and his assignee ?

At common law marriage was an absolute gift to the husband of all the personal property of the wife in possession, and the same became his property instantly on the marriage; and it was a qualified gift of all the personal property adversely held, and all the choses in action of the wife which became the husband's absolutely upon his reduction of the same into possession, during the coverture, with the right in case the wife die, to administer on her estate, and in that character to collect and after payment of her debts to hold the surplus to his own use without obligation to distribute to any one.

It was also competent to the husband having choses in action "*jure mariti*" to assign the same for value, or as a security to pay his debts, and the assignment availed to pass the right to the assignee to collect and have the proceeds as his absolute property, if collected during the coverture, just as the husband might have done if he had kept and reduced it into possession himself. Bell, Husband and Wife, 55 and 56; *Arrington* v. *Yarbrough*, 1 Jones Eq., 72.

Such has ever been the effect of marriage in this state as

to the rights and powers of the husband in the choses in action of the wife, legal and equitable. And accordingly, without the concurrence of the wife, the husband could receive and grant discharges for any sum or sums of money due her, and the money when received became his, and he had the right to enforce payment of all her choses in action, without the obligation, here as in England, to make a settlement out of her equitable choses. And so, Harris, the husband, on his marriage acquired the perfect right, and J. O'Connor by assignment succeeded to the same, to have an account and settlement of any sums due from Carstarphen, the former guardian of the wife, liable only to be defeated by the accident of the husband's death before the death of the wife.

In this case the chose in action assigned to the plaintiff, J. O'Connor, was due at the time of the marriage, and a suit was brought for its recovery before the adoption of the constitution of 1868; and the coverture still continuing, the assignee of the husband has still the right to have the proceeds of the claim assigned to him, unless the constitution operated to divest or take away the husband's right and thus disable him to pass any right by assignment to J. O'Connor.

In *Sutton* v. *Askew*, 66 N. C., 172, the husband owned land and married before the passage of the act of 1867 enlarging the right of dower, so as to include all the lands of which the husband was seized at any time during the coverture, and the question was as to the effect of the act on the rights of alienation by the husband, and it was ruled in this court that the husband might sell and convey the title without being joined by the wife, upon the ground, that he had a vested right to sell and convey on his single deed at the marriage, and it was incompetent to the legislature by the new dower act to restrict his right of alienation, or do more

than confer an inchoate right on the wife defeasible by a sale and conveyance by the deed of the husband alone.

In *Holliday* v. *McMillan*, 79 N. C., 315, the marriage occurred before the adoption of the constitution of 1868, and the father having given his daughter some articles of personal property after its adoption; the property was levied on by creditors of the husband, and it was claimed, that as an incident to marriage, the husband not only had the right to the property of the wife in possession then, but also to all such, including the late gift to the wife, as she might in any manner acquire during the coverture; and it was urged that this right of the husband could not be impaired by the constitution adopted subsequently to the marriage. This court ruled, reaffirming *Sutton* v. *Askew*, *supra*, that it was only vested rights of the husband that were secure from impairment by the constitution and subsequent legislation, and that it was legitimate and no infringement of the proper rights of the husband, to create a separate estate in the wife of all acquisitions of property and possibilities accruing to her in any manner subsequent to the adoption of the constitution of 1868.

In *Bruce* v. *Strickland*, decided at this term, *ante* 267, the marriage took place and the land was acquired before the act restoring the common law right of dower and before the creation of a homestead in land, and the husband by deed in 1874, without his wife's being a party thereto, conveyed the tract with a right of redeeming the same within two years, and on a question made, it is ruled that the husband had a vested right to sell his land, free alike from dower or homestead as provided by the constitution of 1868, and having exercised that right, it is beyond recall.

Adhering to the correctness of the decisions above referred to and the reasons on which they were founded, we hold that the marriage between Harris and his wife clothed him, or any assignee claiming under him, with the right to have

the legal and equitable choses in action of the wife, and that such right, although not absolute so as to exclude survivorship to the wife, was a substantial and vested interest, with no infirmity in it, except as being liable to be defeated on the death of the husband before the wife's death. This right was not a right in a possibility or mere expectancy, but a right fixed and established by law in the husband as an incident to marriage and attaching to a fund due and outstanding in the hands of the guardian, and presently recoverable with nothing to defeat it, except in the possible survivorship of the wife.

Such being the character of the right of Harris as husband in the fund assigned, his rights could not be taken away and given to the wife, without his consent, by the constitution of 1868, creating separate estates in *femes covert*.

It is therefore the right of the present plaintiff, O'Connor, to recover and have as assignee of Harris, for the purpose of the trust, so much of the fund in the hands of the guardian or which was in his hands after notice of the assignment, as will answer the purposes of the assignment, subject, however, to the continuing right of the wife to have the fund if the husband shall die before it is collected.

No error.                                          Affirmed.