VILA J. COLE v. BEN ADAMS AND WINFRED MORRIS ADAMS

No. 814DC573

(Filed 6 April 1982)

**Husband and Wife § 1— goods purchased by wife—liability of husband**

In an action to recover for goods sold on account to defendant wife, the trial court erred in denying defendant husband's motion for directed verdict where the evidence showed that defendants were separated at the times the items were purchased by the wife and plaintiff failed to show that the items were necessaries and that the husband was without justifiable cause in denying the wife such items.

APPEAL by defendant Ben Adams from *Martin (James N.)*, *Judge.* Judgment entered 18 February 1981 in District Court, ONSLOW County. Heard in the Court of Appeals 3 February 1982.

This is an action wherein plaintiff, operator of a general store, seeks to recover $528 charged to defendants' account.

Plaintiff's evidence tends to show the following: On 26 June 1977 the defendants were married and lived together approximately five months before separating. They entered into a separation agreement on 24 February 1978 and were divorced 18 January 1980. Plaintiff testified that prior to her marriage defendant Winfred Adams paid off her account with plaintiff and opened an account in both her and defendant Ben Adams' names. Plaintiff presented bills which showed charges from 26 August 1978 through 27 October 1978. She admitted that she had carried a balance forward of $416.13 but had no knowledge as to when charges totaling this amount were incurred. Plaintiff further admitted that none of the purchases were made by Ben Adams. She terminated Winfred's right to purchase items on account in February 1979 but did not send Ben written notice of the debt and demand payment until 23 October 1980. Winfred admitted that she owed plaintiff $528.00.

At the conclusion of plaintiff's evidence, Ben moved for a directed verdict in his favor. Upon the court's denial of this motion, Ben testified that he closed all joint accounts at the time he and Winfred signed the separation agreement. This agreement specifically provided that neither party would be responsible for debts of the other incurred after execution of said agreement.

The court also denied Ben's motion for a directed verdict made at the close of his evidence. Defendant Ben Adams appeals from the judgment of the trial court ordering him to pay $528.00 to plaintiff.

*No counsel contra.*

*Lanier and Fountain by Charles S. Lanier, for defendant appellant.*

CLARK, Judge.

We initially note that defendant has failed to set forth any assignments of error and exceptions at the conclusion of the record on appeal or in his behalf. Failure to follow the Rules of Appellate Procedure subjects defendant's appeal to dismissal. *Marsico v. Adams,* 47 N.C. App. 196, 266 S.E. 2d 696 (1980). This Court, however, has decided to exercise its discretionary power and consider the one "issue" argued in defendant's brief on its merit. Plaintiff has not filed a brief.

Defendant argues that the trial court erroneously denied his motion for directed verdict because the plaintiff based her case upon the "Doctrine of Necessities" and failed to meet her burden of proof. Since the case was tried by the court without a jury, defendant's motion will be treated as a motion for involuntary dismissal pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure. The trial court denied defendant's motions to dismiss made at the close of plaintiff's evidence and at the close of all the evidence. This Court has stated that a defendant's motion to dismiss made at the close of all the evidence raises the question of "whether any findings of fact could be made from the evidence which would support a recovery for plaintiffs. (Citation omitted.)" *Neasham v. Day,* 34 N.C. App. 53, 55, 237 S.E. 2d 287, 288-89 (1977).

The "Doctrine of Necessities" as discussed in 2 Lee, North Carolina Family Law § 130 (4th ed. 1980) is used to hold a husband liable to merchants or other outside parties who have furnished necessities to the wife. Necessities, or necessaries, "are those things which are essential to her [a wife's] health and comfort, according to the rank and fortune of her husband." *Id.* § 132 at 128.

When the husband and wife are living together, a presumption arises that she has been given the authority by the husband to purchase suitable household goods on his credit. . . .

Where the husband and wife are living apart, there is no presumption *in fact* that she has any authority to pledge his credit even for necessaries. The presumption is that she has *in fact* no authority. Tradesmen must rebut the presumption by showing authority in fact or else bring the case within the rule that the husband has, without justifiable cause, neglected to provide necessaries for her.

*Id.* § 133 at 130-31. Tradesmen must further prove that the merchandise purchased by the wife is a necessity for her; and that the merchandise has not otherwise been supplied to her. *Id.* at 130. The general rule is that "in order to hold the husband liable, a person furnishing necessaries to a wife living separate and apart from her husband has the burden of showing that either by agreement or by the husband's fault or misconduct the wife was justified in living apart from the husband and that the husband had failed or neglected to supply her with necessaries or to make adequate provision for her support. . . . A person furnishing necessaries to a wife living separate and apart from the husband extends credit at his peril; he is bround to take notice of the separation and to ascertain by inquiry whether the circumstances are such as to render the husband liable for the articles furnished." 41 C.J.S. *Husband and Wife* § 52.a. at 516-17 (1944); Annot. 60 A.L.R. 2d 7 (1958).

This common law doctrine was applied in *Pool v. Everton*, 50 N.C. (5 Jones) 241 (1858). There the Court reversed a lower court's judgment awarding $15 to a physician who had rendered services to defendant's wife. The Court noted that no evidence had been presented which showed that the wife had cause for her separation from defendant. In *Sibley v. Gilmer*, 124 N.C. 631, 32 S.E. 964 (1899), the Court interpreted the holding in *Pool* as follows:

[I]n cases where the husband and wife had separated, no notice of separation need be given to prevent his liability for debts contracted by the wife during the separation — even for necessaries — the law being that if the separation was without good cause on the part of the wife, her debt contracted even

for necessaries was not only not binding on the husband, but such creditors made themselves liable to the husband in an action for damages for extending such credit.

*Id.* at 637, 32 S.E. at 965.

In the case *sub judice*, the trial court erroneously found that plaintiff had met her burden of proof. The evidence is uncontested that the parties were separated at the time the items were charged to the account. The balance of $416.00, which was brought forward on the account, is not at issue. Specifically, plaintiff could not remember whether this amount included items purchased before or after the defendant's marriage. Plaintiff therefore had the burden of showing that the items purchased by Winfred were necessaries; and that Ben was without justifiable cause in denying his wife such items. The court entered a finding of fact in its judgment that the items represented in the account were for necessaries. This finding is actually a conclusion of law which is unsupported by any evidence.

We hold, therefore, that the trial court erred in denying defendant's motion to dismiss since plaintiff failed to meet her burden of proof. The judgment below is

Reversed.

Judges ARNOLD and WHICHARD concur.