FORSYTH MEMORIAL HOSPITAL, INC., PLAINTIFF v. SHIRLEY B. CHISHOLM, DEFENDANT

No. 9421DC102

(Filed 17 January 1995)

**Husband and Wife § 9 (NCI4th)— two-year separation—no recovery of husband's hospital costs from wife**

Defendant wife could not be held liable under the necessaries doctrine for the unpaid medical bills of her husband when at the time her husband was admitted to the hospital and the services were rendered, she had been living separate and apart from her husband for a period of two years. It was irrelevant whether plaintiff had notice of the parties' separation at the time the services were rendered, and plaintiff had the burden of showing that the separation was the fault of defendant.

**Am Jur 2d, Husband and Wife §§ 348 et seq.**

**Wife's liability for necessaries furnished husband. 11 ALR4th 1160.**

Appeal by plaintiff from order entered 15 November 1994 by Judge Roland H. Hayes in Forsyth County District Court. Heard in the Court of Appeals 3 October 1994.

*House & Blanco, P.A., by John S. Harrison, for plaintiff-appellant.*

*Bailey & Thomas, P.A., by Wesley Bailey, David W. Bailey, Jr. and John R. Fonda, for defendant-appellee.*

THOMPSON, Judge.

The question presented by this appeal is whether or not a wife can be held liable under the necessaries doctrine for the unpaid medical bills of her husband when at the time her husband was admitted

to the hospital and the services were rendered she had been living separate and apart from her husband for a period of two years. We hold that under the circumstances present here the separation of the parties precludes the hospital from recovering the unpaid medical bills.

Shirley B. Chisholm (Ms. Chisholm) and Melvin Chisholm (Mr. Chisholm) were married in June of 1953. Ms. Chisholm and Mr. Chisholm were separated in January of 1990, at which time they were living in Boone, North Carolina. Ms. Chisholm then moved to Winston-Salem, North Carolina and has been a continuous resident of Forsyth County since that time. Mr. Chisholm remained in Boone and continued to be a resident of Watauga County until his death on 14 August 1992. Following the separation in January of 1990, Mr. Chisholm and Ms. Chisholm lived continuously separate and apart and at no time resumed the marital relationship.

On 31 July 1992 Mr. Chisholm was admitted to Forsyth Memorial Hospital, Inc. (the hospital). The hospital rendered medical treatment to Mr. Chisholm from 31 July 1992 until his death on 14 August 1992. At the time the medical services were rendered, Ms. Chisholm and Mr. Chisholm had lived continuously separate and apart for over two years. Each managed his or her own affairs and each maintained a separate bank account.

The hospital filed this action in Forsyth County District Court on 24 March 1993 seeking to recover $45,110.07 in unpaid hospital bills from Ms. Chisholm. The hospital bills reflected medical goods and services rendered to Mr. Chisholm. The hospital filed this action because it was unsuccessful in its efforts to obtain the payment of $45,110.07 from Mr. Chisholm's insurance company or his estate. Ms. Chisholm refused to make any payment on the account.

Ms. Chisholm served an answer denying liability for her late husband's hospital bills on the ground that, at the time the bills were incurred, she and Mr. Chisholm were living separate and apart.

The parties filed cross-motions for summary judgment with supporting affidavits. The motions were heard by the Honorable Roland H. Hayes at the 15 November 1993 Civil Session of Forsyth County District Court. After reviewing the record and hearing the arguments of counsel, Judge Hayes granted summary judgment in favor of Ms. Chisholm. The hospital appealed.

On appeal the hospital contends that the trial court erred in entering summary judgment for Ms. Chisholm because she is not entitled to benefit from what is recognized as the separation exception to the necessaries doctrine. Its basis for that contention is that Ms. Chisholm failed to notify the hospital of her separation at the time her husband was admitted to the hospital and the medical services were rendered; and also that she failed to show that the separation was due to the fault of Mr. Chisholm. We disagree. We hold that Ms. Chisholm had no obligation to notify the hospital of her separation, nor was she obliged to prove that the separation was the fault of Mr. Chisholm.

The doctrine of necessaries is based upon the common law duty of the husband to provide for the necessary expenses of his wife. *Bowen v. Daugherty*, 168 N.C. 242, 84 S.E. 265 (1915). Today, however, the doctrine of necessaries applies equally to both husband and wife. *N.C. Baptist Hospitals v. Harris*, 319 N.C. 347, 349, 354 S.E.2d 471, 472 (1987). North Carolina has limited the doctrine to situations in which the husband and wife live together or, if separated, are separated because of the fault of the spouse on whom the creditor seeks to impose liability. *Pool v. Everton*, 50 N.C. (5 Jones) 241 (1858); *Cole v. Adams*, 56 N.C. App. 714, 289 S.E.2d 918 (1982).

I.

With respect to defendant's contention that Ms. Chisholm is not entitled to benefit from the separation exception to the necessaries doctrine because she failed to notify the hospital of her separation at the time her husband was admitted to the hospital and the medical services rendered, the hospital cites *Pool v. Everton*, 50 N.C. (5 Jones) 241 (1858); *Cole v. Adams*, 56 N.C. App. 714, 289 S.E.2d 918 (1982); and *Memorial Hospital of Alamance County, Inc. v. Brown*, 50 N.C. App. 526, 274 S.E.2d 277 (1981). While in *Cole* and *Pool*, there is some evidence that the plaintiff tradesman or healthcare provider had reason to know of the separation, in neither of them is such knowledge the basis for denial of the claim against the spouse. In *Brown*, the issue of separation was not directly treated by the trial court. *Brown*, 50 N.C. App. at 531, 274 S.E.2d at 281.

In *Cole*, the court clearly based its holding on the reasoning that "[p]laintiff . . . had the burden of showing that the items purchased by Winfred were necessaries; and that Ben was without justifiable cause in denying his wife such items." 56 N.C. App. at 717, 289 S.E.2d at 920. In *Pool*, the court apparently based its holding on the reasoning that "[i]f he [plaintiff] is able to prove that the wife had good cause for the separation, he will recover the value of the articles furnished or of the

FORSYTH MEMORIAL HOSPITAL v. CHISHOLM

[117 N.C. App. 608 (1995)]

labor done." 50 N.C. at 243. None of the cases which plaintiff cites holds that in order for the defendant to avoid liability in a necessaries case, the defendant must show that the plaintiff had notice of the separation.

The *Cole* court, in what was a true necessaries case, noted that the necessaries doctrine was applied in *Pool v. Everton*, 50 N.C. (5 Jones) 241 (1858), and went on to cite the North Carolina Supreme Court's interpretation of the *Pool* holding in *Sibley v. Gilmer*, 124 N.C. 631, 32 S.E. 964 (1899) as follows:

> [I]n cases where the husband and wife had separated, no notice of separation need be given to prevent his liability for debts contracted by the wife during the separation—even for necessaries— the law being that if the separation was without good cause on the part of the wife, her debt contracted even for necessaries was not . . . binding on the husband. . . .

*Cole*, 56 N.C. App. at 716-717, 289 S.E.2d at 920. Thus *Sibley* supports the view that it is irrelevant whether the tradesman or healthcare provider had notice of the parties separation at the time the services were rendered.

Whether or not notice is relevant when a tradesman or healthcare provider seeks to impose liability on a spouse depends on whether the plaintiff proceeds under a true necessaries theory or under an agency theory. Recovery on an agency theory is based on consent of the principal. Recovery under the doctrine of necessaries does not require either that the spouse upon whom the plaintiff seeks to impose liability appoint the other spouse to receive the necessaries as an agent, or that the spouse upon whom the plaintiff seeks to impose liability be contractually bound on the obligation. 1 S. Reynolds, *Lee's North Carolina Family Law*, § 5.15 at 311 (5th ed. 1993). The doctrine of necessaries has nothing to do with the law of agency. *Id.*

Finally, Professor Suzanne Reynolds in 1 S. Reynolds, *Lee's North Carolina Family Law*, § 5.16 at 320, fn. 309 (5th ed. 1993), distinguishes the effect of separation under the two theories by analyzing the North Carolina Supreme Court's decision in *Sibley v. Gilmer*, 124 N.C. 631, 637, 32 S.E. 964, 965 (1899):

> In remanding for a new trial on an agency theory, the North Carolina Supreme Court observed in *Sibley*, 124 N.C. at 637-37 [sic], 32 S.E.2d at 965, that separation may preclude recovery on the theory of necessaries but is not relevant to an agency theory

unless the creditor knew about the separation and knew that the separation would cause the principal to revoke consent.

*Id.* at 320, fn. 309.

The case at bar is a true necessaries case and it is irrelevant whether the hospital had notice of the parties separation at the time the services were rendered. It is also irrelevant whether any such notice was provided by the spouse upon whom the plaintiff seeks to impose liability, or ascertained by the plaintiff upon inquiry. To hold otherwise would require constant surveillance of a separated spouse by the spouse from which he or she is separated.

## II.

Having determined that it is irrelevant whether the hospital had notice of the separation, the only remaining question is whether Mr. Chisholm had good cause for the separation, or in other words, whether the separation was the fault of Ms. Chisholm. The plaintiff contends that it is entitled to recover because Ms. Chisholm has the burden of proof on that issue. We disagree.

This Court has spoken directly to that issue. In *Cole v. Adams*, this Court stated:

> [I]n order to hold the husband liable, a person furnishing necessaries to a wife living separate and apart from her husband has the burden of showing that either by agreement or by the husband's fault or misconduct the wife was justified in living apart from the husband and that the husband had failed or neglected to supply her with necessaries or to make adequate provision for her support. . . . 41 C.J.S. *Husband and Wife* § 52a. at 516-517 (1944); Annot. 60 A.L.R.2d 7 (1958).

*Cole*, 56 N.C. App. at 716, 289 S.E.2d at 920. Clearly, the burden was with the plaintiff. Since the parties were separated, it was the plaintiff's obligation to demonstrate that the separation was the fault of Ms. Chisholm. Having failed to meet that burden, there was no genuine issue of material fact, and the trial court was correct in entering summary judgment in favor of the defendant.

Affirmed.

Judges Johnson and Martin concur.

This opinion was written and concurred in prior to December 29, 1994.