FORSYTH MEMORIAL HOSPITAL, INC. v. SHIRLEY B. CHISHOLM

No. 60PA95

(Filed 9 February 1996)

**1. Husband and Wife § 9 (NCI4th)— necessaries doctrine— medical expenses—showing by health-care provider**

In order to establish a *prima facie* case against one spouse for the value of necessary medical services provided to the other spouse, the health-care provider must show that (1) medical services were provided to the receiving spouse, (2) the medical services were necessary for the health and well-being of the receiving spouse, (3) the person against whom the action is brought was married to the receiving spouse at the time the medical services were provided, and (4) payment for the necessaries has not been made.

**Am Jur 2d, Husband and Wife §§ 183-190, 202.**

**Wife's liability for necessaries furnished husband. 11 ALR4th 1160.**

**Necessity, in action against husband for necessaries furnished wife, of proving husband's failure to provide necessities. 19 ALR4th 432.**

**Modern status of rule that husband is primarily or solely liable for necessaries furnished wife. 20 ALR4th 196.**

**2. Husband and Wife § 9 (NCI4th)— necessaries doctrine— separation exception—necessity for modification**

Because the historical purposes underlying the separation exception to the necessaries doctrine are incompatible with current mores and laws governing modern marital relationships in North Carolina, the separation exception previously applied in the courts of this State is "obsolete" within the meaning of N.C.G.S. § 4-1, has no place in the common law, and must be modified.

**Am Jur 2d, Husband and Wife §§ 191-199.**

**Husband's liability to third person for necessaries furnished to wife separated from him. 60 ALR2d 7.**

**Wife's liability for necessaries furnished husband. 11 ALR4th 1160.**

FORSYTH MEMORIAL HOSPITAL v. CHISHOLM

[342 N.C. 616 (1996)]

### 3. Husband and Wife § 9 (NCI4th)— necessaries doctrine—separation exception—modified rule

The spouse seeking to benefit from the separation exception to the necessaries doctrine must show that the provider of necessary services had *actual notice* of the separation at the time the services were rendered, and "fault" for the separation is not a factor to be considered in applying the separation exception.

**Am Jur 2d, Husband and Wife §§ 191-199.**

**Husband's liability to third person for necessaries furnished to wife separated from him. 60 ALR2d 7.**

**Wife's liability for necessaries furnished husband. 11 ALR4th 1160.**

### 4. Husband and Wife § 9 (NCI4th)— necessaries doctrine—husband and wife separated—absence of notice to hospital—wife's liability for husband's medical expenses

Defendant wife was liable under the necessaries doctrine for medical services rendered to her husband by plaintiff hospital where defendant and her husband were married but living separate and apart when the services were provided; defendant carried her husband to the hospital and admitted him; defendant did not put the hospital on notice of their separation at the time she admitted him to the hospital; it was not until the hospital had been frustrated in its efforts to collect the medical bills from the husband's insurance and from his estate that defendant first informed the hospital that she and her husband had been separated at the time medical care was provided; and the hospital did not have actual notice of defendant's separation from her husband at the time it rendered medical services to him.

**Am Jur 2d, Husband and Wife §§ 191-199.**

**Husband's liability to third person for necessaries furnished to wife separated from him. 60 ALR2d 7.**

**Wife's liability for necessaries furnished husband. 11 ALR4th 1160.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 117 N.C. App. 608, 452 S.E.2d 323 (1995), affirming an order allowing defendant's motion for summary judgment entered by Hayes, J., on 15 November 1993 in District

Court, Forsyth County. Heard in the Supreme Court 14 November 1995.

*Blanco Tackabery Combs & Matamoros, P.A., by John S. Harrison, for plaintiff-appellant.*

*Bailey & Thomas, P.A., by Wesley Bailey, David W. Bailey, Jr., and John R. Fonda, for defendant-appellee.*

*Turner Enochs & Lloyd, P.A., by Wendell H. Ott, Laurie S. Truesdell, and Melanie M. Hamilton, on behalf of Duke University Medical Center; Memorial Mission Hospital, Inc.; The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas Medical Center; The Moses H. Cone Memorial Hospital; The North Carolina Baptist Hospitals, Inc.; and Wake Medical Center, amici curiae.*

*North Carolina Association of Women Attorneys, by Luellen Curry, President; and The North Carolina Center for Laws Affecting Women, Inc., by Meyressa H. Schoonmaker, Director, amici curiae.*

MITCHELL, Chief Justice.

Shirley B. Chisholm and Melvin Chisholm were married in June of 1953. They were separated in January of 1990, at which time they were living in Boone, North Carolina. Ms. Chisholm then moved to Winston-Salem, North Carolina, and has been a continuous resident of Forsyth County since that time. Mr. Chisholm remained in Boone and continued to be a resident of Watauga County until his death on 14 August 1992.

On 31 July 1992, Mr. Chisholm was carried to Forsyth Memorial Hospital, Inc. (the hospital) and admitted by Ms. Chisholm. It is uncontroverted that at the time of Mr. Chisholm's admission, he and Ms. Chisholm were married, that she admitted him, and that insurance information obtained from a previous admission was still applicable. The hospital rendered medical services to Mr. Chisholm from 31 July 1992 until his death on 14 August 1992, which resulted in unpaid medical bills of $45,110.07.

After the hospital attempted to obtain payment from Mr. Chisholm's insurance company, it learned that the insurance company had sent a check to Mr. Chisholm's estate for payment of his

medical bills. However, the estate had been administered and closed without payment having been made to the hospital.

The hospital then filed this action seeking to recover the unpaid hospital bills from Ms. Chisholm under the doctrine of necessaries. Ms. Chisholm served an answer denying liability for her late husband's hospital bills on the ground that at the time the bills were incurred, she and Mr. Chisholm were married but living separate and apart. The trial court granted summary judgment in favor of Ms. Chisholm, and the Court of Appeals affirmed the trial court.

The issue presented on appeal is whether Ms. Chisholm is entitled to benefit from any "separation exception" to the necessaries doctrine. We hold that she is not and reverse the decision of the Court of Appeals.

[1] The necessaries doctrine arose from the common law duty of the husband to provide for the necessary expenses of his wife. *Bowen v. Daugherty*, 168 N.C. 242, 84 S.E. 265 (1915). The doctrine is now applied equally, holding a wife liable for the necessary expenses of her husband. *N.C. Baptist Hosp., Inc. v. Harris*, 319 N.C. 347, 354 S.E.2d 471 (1987). In order to establish a *prima facie* case against one spouse for the value of necessary medical services provided to the other spouse, the health-care provider must show that (1) medical services were provided to the receiving spouse, (2) the medical services were necessary for the health and well-being of the receiving spouse, (3) the person against whom the action is brought was married to the receiving spouse at the time the medical services were provided, and (4) payment for the necessaries has not been made. *Id.* at 353-54, 354 S.E.2d at 475.

In the instant case, it is undisputed that the pleadings and affidavits of record establish the applicability of the necessaries doctrine: Medical services were provided to Mr. Chisholm; the medical services were necessary for the well-being of Mr. Chisholm at the time rendered; Ms. Chisholm was married to Mr. Chisholm at the time the services were rendered; payment has not been made. In addition, it is undisputed that the charges for the services are fair and reasonable. Therefore, unless defendant can establish some exception to the necessaries doctrine, she must be held liable to the hospital for the necessary services it provided her husband.

The sole reason urged by defendant for denying her obligation under the necessaries doctrine is the uncontested fact that she had

been separated from Mr. Chisholm for over two years at the time the medical services were provided. This Court applied what is now known as the "separation exception" to the necessaries doctrine in *Pool v. Everton*, 50 N.C. 241 (1858). In the context of the legal and social principles prevailing in 1858, this Court reasoned that under the common law, "[i]f a wife leaves the 'bed and board' of the husband *without good cause*," the husband would no longer be responsible for the wife's necessaries. *Id.* at 242. This common law rule as applied by this Court in 1858 was based upon the ground that "it is wrong to harbor the wife by doing any act which will make it more easy for her to continue in the violation of her conjugal duties." *Id.* at 243. The husband's right to his wife's conjugal services was so absolute that the common law gave him a cause of action for damages against "any person who administers to her wants and supplies her with necessaries." *Id.* at 242.

This Court has not had occasion to reconsider or apply the separation exception since the *Pool* decision. However, the separation exception was applied in *Cole v. Adams*, 56 N.C. App. 714, 289 S.E.2d 918 (1982), where the Court of Appeals—as that court was required to do—followed the precedent established by this Court in *Pool* decided more than a century earlier. In *Cole*, the court held that in order to hold a husband liable for services furnished to his wife from whom he was separated, the provider of the services had the burden of proving that the separation was due to the fault of the husband. *Id.* at 716, 289 S.E.2d at 920. In the present case, the Court of Appeals simply followed the precedent of its prior decision in *Cole*.

When the necessaries doctrine and the separation exception were first established, the property of a woman vested in her husband at the point of marriage. *O'Connor v. Harris*, 81 N.C. 279 (1878); *Arrington v. Yarbrough*, 54 N.C. 72 (1853). Therefore, even if the parties separated, all of the property of both spouses was subject to the control of the husband. Any creditor bringing a suit against the wife was required to join the husband because the wife was considered incompetent and could not be sued without the joinder of her husband. *See, e.g., Perry v. Stancil*, 237 N.C. 442, 75 S.E.2d 512 (1953). Under current North Carolina law, assets acquired by either spouse during the course of the marriage continue to be owned jointly by the marital unit until or unless a separation agreement divides the property or the marriage is dissolved in divorce. N.C.G.S. § 50-21 (1995). There is also now a statutory presumption that all marital property be

equally divided upon divorce or a claim for equitable distribution. N.C.G.S. § 50-20(c) (1995).

[2] The modern marital relationship is viewed by the law as a partnership of equality, an evolution from the nineteenth century relationship of dominance by a husband and submission by a wife who had little standing as an individual person or legal entity. This Court has rejected such antiquated and obsolete notions concerning women by modernizing the common law necessaries doctrine to impose liability on a gender-neutral basis and, thereby, making either spouse responsible for the necessary services provided to the other. *See N.C. Baptist Hosp., Inc. v. Harris*, 319 N.C. 347, 354 S.E.2d 471; *see also Nicholson v. Hugh Chatham Mem. Hosp., Inc.*, 300 N.C. 295, 298, 266 S.E.2d 818, 820 (1980) (No longer is the wife viewed as "little more than a chattel in the eyes of the law.").

Further, we have recently emphasized that

the "common law" to be applied in North Carolina is the common law of England to the extent it was in force and use within this State at the time of the Declaration of Independence; is not otherwise contrary to the independence of this State or the form of government established therefor; and is not abrogated, repealed, or obsolete.

*Gwathmey v. State of North Carolina*, 342 N.C. 287, 296, 464 S.E.2d 674, 679 (1995); see also N.C.G.S. § 4-1 (1986). Because the historical purposes underlying the separation exception to the necessaries doctrine are incompatible with current mores and laws governing modern marital relationships in North Carolina, we conclude that the separation exception as previously applied in the courts of this State is "obsolete" within the meaning of N.C.G.S. § 4-1. Being obsolete, that exception has no place in the common law and must be modified.

The Court of Appeals' decision in this case determined that "it is irrelevant whether the hospital had notice of the parties [sic] separation at the time the services were rendered." *Forsyth Mem. Hosp., Inc. v. Chisholm*, 117 N.C. App. 608, 612, 452 S.E.2d 323, 325 (1995). We disagree. Under this expansion of the separation exception by the Court of Appeals, in order to completely evade liability for one's spouse's medical expenses, one need only show that he or she was separated at the time services were provided. This would make separated spouses immune from liability under the necessaries doctrine even where they had presented themselves together at the hospital as

an intact couple, one spouse had admitted the other spouse to the hospital, and the admitting spouse had expressly requested the medical care for the spouse receiving such care. The Court of Appeals' decision places the unreasonable burden on the health-care provider to determine before providing necessary services whether the couple has separated and, if so, whether the separation is due to the fault of the supporting spouse. Answers to these questions are within the knowledge of the spouses, but not the health-care provider.

[3] The interpretation of the separation exception by the Court of Appeals in *Cole* and in the instant case does not reflect modern societal values, sound public policy, or this Court's recent reconsideration and expansion of the necessaries doctrine in *Harris*. Therefore, we must modify the separation exception as applied by the Court of Appeals by rejecting that court's allocation of the burden of proof with regard to the exception. We conclude, instead, that the spouse seeking to benefit from the separation exception to the necessaries doctrine must show that the provider of necessary services had *actual notice* of the separation at the time the services were rendered. Furthermore, "fault" for the separation is not a factor to be considered in applying the separation exception.

[4] In this case, it is clear from the pleadings and forecasts of evidence that the plaintiff hospital had no reason to know that the Chisholms were separated at the time the hospital rendered medical care to Mr. Chisholm. The defendant carried her husband to the hospital and admitted him. She did not put the hospital on notice of their separation at the time she admitted him to the hospital. It was not until the hospital had been frustrated in its efforts to collect the medical bills from Mr. Chisholm's insurance and from his estate that Ms. Chisholm first informed the hospital that she and Mr. Chisholm had been separated at the time medical care was provided.

As the hospital did not have actual notice of her separation from Mr. Chisholm at the time it rendered medical services to him, the trial court erred in applying the separation exception to the necessaries doctrine and in entering summary judgment for the defendant, Ms. Chisholm. Instead, the trial court was required to enter summary judgment in favor of the plaintiff, Forsyth Memorial Hospital, Inc. The decision of the Court of Appeals affirming the order of the trial court must be and is reversed, and this case is remanded to the Court of Appeals for its further remand to the District Court, Forsyth County, for entry of summary judgment for the plaintiff.