# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

April 30, 1997

Cecil W. Crowson
Appellate Court Clerk

OUTPATIENT DIAGNOSTIC CENTER, )
                                        )
     Plaintiff/Appellee, )
                                        ) Davidson Circuit
                                        ) No. 94C-2264
VS. )
                                        ) Appeal No.
                                        ) 01A01-9510-CV-00467
RALPH CHRISTIAN, )
                                        )
     Defendant/Appellant. )

APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE BARBARA N. HAYNES, JUDGE

For the Plaintiff/Appellee:

John E. Buffaloe, Jr.
Nashville, Tennessee

For the Defendant/Appellant:

Ralph Christian, Pro Se

## VACATED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a medical care provider's efforts to hold a husband liable for medical services provided to his wife. The husband perfected a de novo appeal in the Circuit Court for Davidson County after the provider obtained a judgment against him in general sessions court. Thereafter, the trial court granted the provider's motion for summary judgment, and the husband appealed to this court. The husband assails the summary judgment on two grounds: first that the record contains no evidence demonstrating that the provider is entitled to a judgment as a matter of law and second that he should not be held liable for his wife's debt because she was not acting as his agent in the transaction and because he did not ratify the debt. We have determined that the summary judgment must be vacated because of the absence of an evidentiary foundation for a judgment of any sort.

## **I.**

Appellate courts customarily provide a factual context for their legal holdings to enable the bench and bar to understand the nature of the dispute. These facts, drawn from the evidence presented in the trial court, assist the appellate courts in identifying and properly applying the relevant legal principles. The record in this case contains very little competent evidence. Accordingly, we have gleaned the following information from the parties' briefs and the papers filed in the trial court. Regrettably, we cannot treat this information as fact.

In mid-1993, Marion Christian's physician referred her to Outpatient Diagnostic Center in Nashville for necessary medical tests relating to her diabetes. Ms. Christian had no insurance and could not produce a Medicare card when she arrived for her tests on July 2, 1993. Accordingly, she signed an agreement undertaking to pay the $534 fee in "monthly payments of $25.00 (more if she can)." Apparently Ms. Christian's husband, Ralph Christian, did not accompany his wife and was unaware that she had signed the agreement. Thereafter,

-2-

Outpatient Diagnostic Center performed the tests ordered by Ms. Christian's physician.

Ms. Christian's illness prevented her from paying any part of Outpatient Diagnostic Center's bill. In May 1994 Outpatient Diagnostic Center filed suit on a sworn account in the Davidson County General Sessions Court seeking to recover Ms. Christian's $534 debt from Mr. Christian. Mr. Christian pleaded "non est factum" in the general sessions court. He also asserted that Ms. Christian was not acting as his agent on July 2, 1993 and that he had not ratified her debt. After the general sessions court awarded a $534 judgment to Outpatient Diagnostic Center, Mr. Christian pursued a de novo appeal in the Circuit Court for Davidson County in accordance with Tenn. Code Ann. § 16-15-729 (1994).

Neither party filed formal pleadings or conducted any sort of discovery once the case was docketed in the circuit court. In December 1994, Outpatient Diagnostic Center filed a motion for summary judgment supported by an unauthenticated copy of Ms. Christian's July 2, 1993 agreement to pay the $534 bill along with copies of the briefs the parties had filed in the general sessions court. Mr. Christian filed an unverified response to the motion for summary judgment containing many factual assertions that were not supported by competent evidence in the record. Following a hearing on January 13, 1995, the trial court entered an order on April 11, 1995 granting Outpatient Diagnostic Center a $534 judgment against Mr. Christian.

## II.

The controlling issue in this case concerns whether Outpatient Diagnostic Center carried its burden of proof under Tenn. R. Civ. P. 56.03 to demonstrate that the pleadings and evidentiary materials show that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. More specifically, this appeal requires us to determine whether Outpatient Diagnostic Center provided the trial court with a sufficient factual predicate to warrant granting a summary judgment.

The party seeking a summary judgment has the initial burden of producing evidence to support its summary judgment motion. *Byrd v. Hall,* 847 S.W.2d 208, 213 (Tenn. 1993); *Burgess v. Harley,* 934 S.W.2d 58, 62 (Tenn. Ct. App. 1996). Using the pleadings and the evidentiary materials identified in Tenn. R. Civ. P. 56.03 and 56.05, the moving party must satisfy the trial court that there is no genuine issue as to any material fact. Unverified pleadings help frame the issues to determine relevancy but for the most part are not evidence of the type required to support or to oppose a summary judgment motion.[1] *Knight v. Hospital Corp. of America*, App. No. 01A01-9509-CV-00408, 1997 WL 5161, at * 4 (Tenn. Ct. App. Jan. 8, 1997) (No Tenn. R. App. P. 11 application filed); *see also Hillhaven Corp. v. State ex rel. Manor Care, Inc.,* 565 S.W.2d 210, 212 (Tenn. 1978). Statements contained in briefs and arguments of counsel are likewise not evidence. *State v. Dykes,* 803 S.W.2d 250, 255 (Tenn. Crim. App. 1990); *Price v. Mercury Supply Co.,* 682 S.W.2d 924, 929 n.5 (Tenn. Ct. App. 1984).

The appellate record contains unauthenticated photocopies of Outpatient Diagnostic Center's civil warrant and the parties' briefs filed in general sessions court; however, it presently contains no pleadings. It also contains no evidentiary materials of the sort identified in Tenn. R. Civ. P. 56. Accordingly, Outpatient Diagnostic Center has failed to carry its burden of providing competent evidence upon which the trial court could properly conclude that there are no genuine issues concerning the facts relevant to the dispute between Mr. Christian and Outpatient Diagnostic Center. This being the case, we have no choice but to vacate the summary judgment.

---

[1] Motions for summary judgment need not be supported by evidentiary materials outside the pleadings. *Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 255 (Tenn. Ct. App. 1992). However, parties using unverified pleadings to support or to oppose a summary judgment motion may rely only on the judicial admissions contained therein. Neil P. Cohen, et al., *Tennessee Law of Evidence* § 803 (1.2).10 (3rd ed. 1995); 4 John H. Wigmore, *Evidence in Trials at Common Law* § 1064, at 67 (Chadbourn rev. 1972). Factual averments in an unverified pleading are not evidence; however, factual averments in a verified pleading are competent evidence because a verified pleading is the functional equivalent of an affidavit.

**III.**

We have decided to address briefly the substantive legal issue involved in this case to aid the parties and the trial court on remand. Even if Outpatient Diagnostic Center presents competent evidence of the circumstances discussed in Section I of this opinion, Mr. Christian asserts that he cannot be held liable for Ms. Christian's medical bill because she was not acting as his agent when she signed the agreement to pay on July 2, 1993 and because he has never agreed to be responsible for this debt. These arguments completely overlook a spouse's common-law obligation to provide medical necessaries for his or her spouse.

Deeply embedded in the common law of this state is the doctrine that a husband has a duty to furnish his wife suitable support, including medical services, during her life. *Simpson v. Drake,* 150 Tenn. 84, 86, 262 S.W. 41, 41 (1924);[2] *see also* Tenn. Code Ann. § 47-18-805 (1995) (stating that the spouse of a married credit applicant can be liable for debts and charges "to the extent common law liability is imposed for furnishing necessaries"). This doctrine does not depend on actual or apparent agency for its application. The only exception to the rule arises in circumstances where a spouse abandons the other spouse without just cause. *Brown v. Patton,* 22 Tenn. (3 Hum.) 135, 137 (1842).

Other states confronting questions similar to the one involved in this case have held that the common-law necessaries doctrine creates an obligation directly between the husband and the wife's creditor and that a husband can be held liable for necessary medical services provided to the wife. *See e.g., Medical Business Assocs. v. Steiner,* 588 N.Y.S.2d 890, 896-97 (App. Div. 1992); *Landmark Med. Ctr. v. Gauthier,* 635 A.2d 1145, 1151-52 (R.I. 1994); *Medical Ctr. Hosp. v. Lorrain,* 675 A.2d 1326, 1328 (Vt. 1996); *Schilling v. Bedford County Mem. Hosp.,* 303 S.E.2d 905, 907 (Va. 1983). Thus, a provider of medical services can make out a prima facie claim for recovery under the necessaries doctrine by proving that (1) it provided medical services to the receiving spouse, (2) the medical services were necessary for the receiving spouse's health and well-being,

---

[2]The obligation to provide necessaries now extends to both the husband and the wife. *Kilbourne v. Hanzelik,* 648 S.W.2d 932, 934 (Tenn. 1983).

(3) the person from whom recovery is sought was married to the receiving spouse when the services were provided, and (4) payment for the services has not been made. *Forsyth Mem'l Hosp. v. Chisholm,* 467 S.E.2d 88, 89-90 (N.C. 1996); *Trident Reg'l Med. Ctr. v. Evans,* 454 S.E.2d 343, 345 (S.C. Ct. App. 1995).

Should Outpatient Diagnostic Center produce competent evidence substantiating the circumstances outlined in Section I of this opinion, it will have succeeded in making out a prima facie case of liability on the part of Mr. Christian. At that point, the burden of going forward will shift to Mr. Christian to present whatever proof he has to substantiate any viable defenses he may have. Lack of agency or ratification of the wife's debt are not viable defenses to a claim to recover medical necessaries provided to a spouse during the marriage.

## IV.

We vacate the summary judgment and remand the case for further proceedings consistent with this opinion. We tax the costs in equal proportions to Ralph Christian and to Outpatient Diagnostic Center for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCURS:

_____
SAMUEL L. LEWIS, JUDGE

CONCURS IN SEPARATE OPINION:

HENRY F. TODD, P.J., M.S.