THE MOSES H. CONE MEMORIAL HOSPITAL OPERATING CORPORATION, PLAINTIFF v. AUDREY HAWLEY AND SPOUSE, SAMUEL B. HAWLEY, DEFENDANTS

No. COA08-712

(Filed 17 February 2009)

**Husband and Wife— doctrine of necessaries—medical bills**

The trial court did not err by granting summary judgment for a hospital attempting to collect a deceased husband's unpaid medical bills from the wife. The application of the Doctrine of Necessaries in North Carolina has been upheld by the North Carolina Supreme Court.

Appeal by defendant from judgment entered 1 February 2008 by Judge H. Thomas Jarrell, Jr. in District Court, Guilford County. Heard in the Court of Appeals 1 December 2008.

*Ott Cone & Redpath, P.A., by Thomas E. Cone, for plaintiff-appellee.*

*Robertson, Medlin & Blocker, PLLC, by W. Eric Medlin, Adrienne S. Blocker, and John F. Bloss, for defendant-appellant.*

WYNN, Judge.

Under common law established by the Supreme Court of North Carolina, "a wife is liable for the necessary medical expenses provided for her husband."[1] In this matter, Audrey Hawley argues that the modern application of the "Doctrine of Necessaries" is fundamentally flawed because it is based on the antiquated law that a married woman is legally disabled to handle her own financial affairs. Because this Court does not possess the authority to abolish the established common law of our Supreme Court, we must uphold the trial court's grant of summary judgment, requiring Ms. Hawley to pay her deceased husband's unpaid medical bills.

Viewing the facts in the light most favorable to Ms. Hawley, as we must when reviewing a summary judgment, the record shows that Audrey and Sam Hawley married in 1996—a second marriage for both. In her brief, Ms. Hawley states that "Sam retained some residual debt and a poor credit rating from his prior marriage." On the other hand, she took "considerable care in managing her finances, [and] had little debt and a good credit rating."

In September 2004, Mr. Hawley was diagnosed with chronic lymphocytic leukemia and was treated by Moses Cone Hospital. Ms. Hawley states:

Most of the medical bills were paid by Sam's health insurance carrier; however, not all the medical bills were paid and Sam quickly went into debt. In October 2005[,] Sam filed for chapter 7 bankruptcy protection from his creditors. At that time, more than half of his unsecured debt was for medical bills resulting from his treatment and most of that was debt owed to Moses Cone. Sam's debts were discharged in February 2006.

---

1. *N.C. Baptist Hospitals v. Harris*, 319 N.C. 347, 353, 354 S.E.2d 471, 474 (1987).

Following Mr. Hawley's death in June 2007, Moses Cone Hospital brought an action to recover Mr. Hawley's unpaid medical expenses from Ms. Hawley. Relying upon the "Doctrine of Necessaries," the trial court granted summary judgment in favor of Moses Cone Hospital.

On appeal, Ms. Hawley argues that the "Doctrine of Necessaries" is (1) inconsistent with article X, section 4 of the N.C. Constitution, (2) contrary to the State's public policy favoring marriage, and (3) a violation of the State's contractual privity laws.

The "Doctrine of Necessaries" establishes that a spouse is liable for the necessary expenses incurred by the other spouse, including those expenses incurred by medical necessity. *Alamance County Hospital v. Neighbors*, 315 N.C. 362, 338 S.E.2d 87 (1986) (holding that medical treatment is included in the traditional definition of "necessaries"). Stemming from the common law allocation of rights and duties between spouses, the doctrine "is a recognition of a personal duty of each spouse to support the other, a duty arising from the marital relationship itself and carrying with it the corollary right to support from the other spouse." *Baptist Hospitals*, 319 N.C. at 353, 354 S.E.2d at 474; *see also Forsyth Memorial Hospital v. Chisholm*, 342 N.C. 616, 621, 467 S.E.2d 88, 90-91 (1996) (recognizing the modernization of the "Doctrine of Necessaries" "to impose liability on a gender-neutral basis").

To establish a *prima facie* case "for the recovery of expenses incurred in providing necessary medical services to the other spouse," the party seeking to apply the doctrine must show:

(1) medical services were provided to the spouse;

(2) the medical services were necessary for the health and well-being of the receiving spouse;

(3) the person against whom the action is brought was married to the person to whom the medical services were provided at the time such services were provided; and

(4) the payment for the necessaries has not been made.

*Baptist Hospitals*, 319 N.C. at 353-54, 354 S.E.2d at 474-75 (holding a wife liable for necessary medical expenses incurred by her husband under the doctrine even though the wife did not sign as a guarantor, and did not request that her husband be admitted nor anticipate that her husband would be admitted).

In *Baptist Hospitals* and *Forsyth Memorial,* our Supreme Court upheld the continued application of the "Doctrine of Necessaries" in North Carolina. In *Baptist Hospitals,* our Supreme Court held a wife liable for the cost of the medical services provided to her husband where the trial court found that the parties were married at the time the services were rendered, the services were provided to the spouse, the services were necessary for the spouse's health and well-being, and no payments were made to the hospital. *Baptist Hospitals,* 319 N.C. at 354, 354 S.E.2d at 475. Further, in *Forsyth Memorial,* our Supreme Court concluded that "unless defendant [wife] can establish some exception to the necessaries doctrine, she must be held liable to the hospital for the necessary services it provided her husband." *Forsyth Memorial,* 342 N.C. at 619, 467 S.E.2d at 90.[2]

The holdings of *Baptist Hospitals* and *Forsyth Memorial* bind this Court to uphold the application of the "Doctrine of Necessaries." *Cannon v. Miller,* 313 N.C. 324, 327 S.E.2d 888 (1985) (iterating that this Court does not have the authority to overrule decisions of the Supreme Court of North Carolina). Accordingly, we affirm the trial court's grant of summary judgment.

Affirmed.

Chief Judge MARTIN and Judge STEPHENS concur.

---

2. Ms. Hawley does not claim an exception to the application of the doctrine in this matter. We note in passing that prior to *Forsyth Memorial,* the only recognized exception to the "Doctrine of Necessaries," known as the "separation exception," required that the provider of the services or necessaries carry the burden of showing that the husband and wife were living apart when the services were provided and that the spousal separation was due to the fault or misconduct of the husband. *Cole v. Adams,* 56 N.C. App. 714, 716, 289 S.E.2d 918, 920 (1982) ("Where the husband and wife are living apart, there is no presumption . . . that she has any authority to pledge his credit even for necessaries. The presumption is that she has *in fact* no authority."); *see also Pool v. Everton,* 50 N.C. 241, 242 (1858) (explaining that a husband is not responsible for his wife's necessaries where "a wife leaves the 'bed and board' of the husband *without good cause*"). In *Forsyth Memorial,* our Supreme Court revised the exception in light of the modern view of marriage as a "partnership of equality," and concluded that "[t]he spouse seeking to benefit from the separation exception . . . must show that the provider of necessary services had *actual notice* of the separation at the time the services were rendered." *Forsyth Memorial,* 342 N.C. at 622, 467 S.E.2d at 91 (holding that because the hospital had no actual or constructive notice that the parties were separated at the time services were rendered, the separation exception did not apply).